The judgment of conviction should be reversed and a new trial ordered.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur.

Judgment of conviction reversed, etc.

---

FRANK H. BIDWELL, Appellant, v. JAMES C. CUMMINGS, Respondent.

**Master and servant — injury to servant by master's failure to furnish a safe and suitable scaffold — questions for the jury.**

Plaintiff, who was in defendant's employ, was injured while engaged in the erection of a building and brings this action under the provisions of the Labor Law (Cons. Laws, ch. 31), by which it is made the duty of the defendant to furnish such safe, suitable and proper scaffolds as were reasonably necessary for the safety of his employees. Upon examination of the facts, *held*, that the jury could have found that a scaffold was reasonably necessary for the plaintiff's use in the work in which he was engaged and required to do at the particular place where the accident occurred, and that

it was for the jury to say whether the plaintiff under all the circumstances was guilty of contributory negligence.

*Bidwell* v. *Cummings*, 162 App. Div. 926, reversed.

(Argued February 2, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 31, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Woods* for appellant. The failure of the defendant and his superintendent to provide a scaffold upon which to do the work in question constituted a defect in defendant's "plant," within the meaning of subdivision 1 of section 200 of the Labor Law. (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Lipstein* v. *P. L. Society*, 154 App. Div. 732; *Cashmore* v. *Peerless Motor Car Co.*, 154 App. Div. 814; *Tamaseric* v. *Beckwith*, 145 App. Div. 78; *Wittgren* v. *Wells Bros. Co.*, 214 N. Y. 149, 153; *Guilmartin* v. *Solvay Process Co.*, 189 N. Y. 490; *McGlynn* v. *Penn. Steel Co.*, 144 App. Div. 343; 205 N. Y. 574.) The defendant was guilty of negligence which caused or contributed to plaintiff's injuries. (*Kremer* v. *New York Edison Co.*, 102 App. Div. 433; 186 N. Y. 577; *Martin* v. *Walker & Williams Mfg. Co.*, 198 N. Y. 324; *Kirby* v. *Montgomery Bros. & Co.*, 197 N. Y. 27; *Pluckham* v. *American Bridge Co.*, 104 App. Div. 404; 186 N. Y. 561; *Webb* v. *Sturtevant Co.*, 157 App. Div. 19, 23; *Pepper* v. *Glass Bakery, Inc.*, 155 App. Div. 859; *Simpson* v. *Interborough R. T. Co.*, 141 App. Div. 148; *McEwen* v. *Borden's Condensed Milk Co.*, 154 App. Div. 185; *Morrisey* v. *Dwyer*, 121 App. Div. 247; *Dick* v. *Steel & Masonry Contracting Co.*, 153 App. Div. 651; *O'Brien* v. *Buffalo Furnace Co.*, 183 N. Y. 317; *Cash-*

*more* v. *Peerless Motor Car Co.*, 154 App. Div. 814; *Tamaseric* v. *Beckwith*, 145 App. Div. 78; *Waters* v. *Thompson-Starrett Co.*, 82 Misc. Rep. 446; *Pepe* v. *Utica Pipe Foundry Co.*, 132 App. Div. 458.)

*Jerome L. Cheney* for respondent. No cause of action under the employers' liability provision of the Labor Law was alleged in the complaint, neither was any evidence given upon the trial tending to prove any cause of action under that statute, and this case must be tested by the rules applicable to a common-law action. (*Simpson* v. *Foundation Co.*, 132 App. Div. 375; 201 N. Y. 479; *Edgar* v. *B. H. R. R. Co.*, 146 App. Div. 541; *Beauregard* v. *N. Y. Tunnel Co.*, 136 App. Div. 834; *Barry* v. *Derby Desk Co.*, 121 App. Div. 810; *Yarmouth* v. *France*, L. R. [19 Q. B. D.] 647; *Burns* v. *Washburn*, 160 Mass. 457; *Reynolds* v. *Barnard*, 168 Mass. 226; *Adasken* v. *Gilbert*, 165 Mass. 443; *O'Connor* v. *Neal*, 145 Mass. 281; *Drury* v. *A. F. Product Co.*, 163 App. Div. 509.) It cannot be said, as argued in the court below, that the wall in question with the board extending across the door opening was a "way" provided by defendant upon which plaintiff was required to work, and that defendant is liable for permitting a defect in his "ways" under the Employers' Liability Act. (*Ripp* v. *Fuches*, 129 App. Div. 321.) The case does not present any evidence from which negligence of a superintendent or other employee charged with superintendence or control as provided by the Employers' Liability Act might be inferred. (*Gmaehle* v. *Rosenberg*, 178 N. Y. 147; *Gallagher* v. *Newman*, 190 N. Y. 444; *Cashmore* v. *Peerless Motor Car Co.*, 154 App. Div. 814; *Svendsen* v. *McWilliams*, 157 App. Div. 474.) There was no evidence in the case which would justify the submission to the jury of the question whether or not the defendant was negligent because of his failure to perform his common-law duty of furnishing the plaintiff with a safe

place to work. (*Citrone* v. *O'Rourke Const. Co.*, 188
N. Y. 339; *Mullin* v. *Genesee El., etc., Co.*, 202 N. Y.
275; *McHugh* v. *Grand Central, etc., Co.*, 133 App. Div.
100; *Colligan* v. *City of New York*, 155 App. Div. 475;
*Blasius* v. *Standard Oil Co.*, 156 App. Div. 911;
*Jamszewski* v. *Fitzpatrick*, 157 App. Div. 199; *Edgar*
v. *B. H. R. R. Co.*, 146 App. Div. 541; *Powers* v. *First
Nat. Bank*, 133 App. Div. 257.)

CHASE, J.   This action is brought to recover damages
for personal injuries. A notice was served by the plain-
tiff as required by the Labor Law. (Consolidated Laws,
chap. 31, § 201.)   At the trial the court at the close of the
plaintiff's case granted a motion of the defendant for a
nonsuit, and dismissed the plaintiff's complaint.   The only
question for our consideration is whether the testimony
should have been submitted to the jury for it to determine
the issues between the parties.

The facts, as the jury could have found them, are, that
the defendant, through a superintendent in charge, was
engaged in erecting a building at Fulton.   A part of the
main walls of the first story of the building had been
completed, and consisted of four inches of brick on the
outside, and twelve inches of tile on the inside, with an
air space of two inches between the brick and tile.   At the
time the plaintiff received his injuries such walls were
nine or ten feet high.   There was a partition wall the
same height and four inches thick erected parallel to and
fifteen feet inside of one of the main walls.   Boards
about seven-eighths inch thick and about five or six inches
wide had been placed on top of and along the entire
length of the brick part of such main wall.   There was
an open space in such main wall forty inches wide where
a door was to be placed, and a door frame about seven
inches wide had been placed in the opening between the
tile so that the top of the frame was flush with the top
of the wall.   One of the boards on the brick wall men-

tioned extended over the opening and it was placed against the outside of such door frame. The masons that had erected the main wall and partition had removed to another part of the building and had taken the scaffolding and planks that they had used with them. The plaintiff and another person who were employed by the defendant as carpenters were sent by the superintendent to place joist or timbers across from said main wall to said partition wall on which to support the floor for the second story of the building. No scaffolding was furnished for them. To place these joists the plaintiff was compelled to work on the main wall and his fellow-workman on the partition wall, and the joists which were twelve inches wide and two inches thick, and long enough to reach across the opening and weighed about one hundred and fifty pounds each, were handed up to them from the ground floor. The plaintiff and his fellow-workman placed these joists about twelve inches apart from centers, standing them on edge, and they were levelled by them and fastened by temporary stays. The joists were thus placed until the door opening was reached. They were directed by the superintendent, who was present during all the time that the work herein described was being done, to put a "header" across inside of the door frame and parallel with, and one inch from it. The header and the joists opposite the doorway had to be prepared with mortises and tenons to hold their own weight and that of the floor to be placed thereon opposite the opening for the door. The work of framing the header and such joists was performed on the ground floor. That work had been done and the plaintiff and his fellow-workman were engaged in placing such header and joists and had succeeded in inserting one of the tenons of the header into the joist on either side of the opening. It was necessary for the plaintiff to hold one end of the joists severally while inserting the tenons into the mortises prepared for them. After the tenons on two of the joists were

inserted into the header and while the plaintiff was unsuccessfully endeavoring to insert the tenon of the third joist and of adjusting the header in accordance with instructions, his fellow-workman came around the outer wall to assist him and took hold of the joist, and the plaintiff in shifting his position stepped back upon the board laid across the opening in the brick wall and it broke and he fell to the ground sustaining the injuries for which this action is brought A part of plaintiff's testimony is as follows: "I was on this end of it (indicating) on the wall holding this end here (indicating). In order for him to help me he got down and got hold of it and as he got hold of it I stepped back to get over here (indicating) and work it to the north side; just before I stepped back I glanced over my shoulder * * *. It looked to me as if it was one piece." He further testified that at the time he stepped back he was thinking of his work and did not realize that the board was unsafe.

It was the duty of the defendant under the Labor Law to furnish such safe, suitable and proper scaffolds as were reasonably necessary for the safety of the employees engaged in constructing the building. We think upon the evidence the jury could have found that a scaffold was reasonably necessary for the plaintiff's use in the work in which he was engaged particularly as to that part of it in which it was necessary to put together with mortises and tenons the heavy pieces of timber as stated and that it was unsafe for the plaintiff to perform the work that he was required to do from the top of the wall, at the particular place where the accident occurred.

The respondent asserts that eighteen inches of wall is as safe as eighteen inches of scaffold and that the plaintiff would have fallen if he had stepped from an eighteen-inch scaffold as surely as he did in stepping from an eighteen-inch wall. Admitting the correctness of this statement the assumption is not in accord with the facts as they were shown on the trial. Even upon the defend-

ant's contention all that the plaintiff had to stand upon at the place of the opening was the top of the seven-inch door frame. The board that was outside of and adjoining the door frame was not, according to the defendant's contention, intended for use to support in whole or in part the carpenters while they were engaged in placing the header and joists that were prepared to be fastened together. If a person had been placed on a scaffold that had but seven inches of safe floor, with additional flooring confessedly unsafe, to hold the weight of a person, and such person was required on such scaffold to do work similar to that which the plaintiff was required to do, the sufficiency of the scaffold and the negligence of the defendant in furnishing such a scaffold and the contributory negligence of the plaintiff in inadvertently stepping upon the unsafe part would be questions of fact for the jury. In determining whether the plaintiff was guilty of·contributory negligence, it is necessary to consider that the work that he was required to do made it necessary for him to face the inside of the building. He was required to bend over in such a position that he could take hold of and sustain a heavy weight at a level below that of his feet. He was necessarily working in an awkward and trying position. It was while working in such position that the accident occurred. He testified that he did not know that it was not intended that the board should be stepped upon.

We think that it was for the jury to say whether the plaintiff under all the circumstances described was guilty of contributory negligence. The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur; HISCOCK, J., not voting.

Judgment reversed, etc.