KATIE BIRCHALL, as Administratrix, etc., of CHARLES BIRCHALL, Deceased, Plaintiff, *v.* CLEMONS REALTY COMPANY, INC., Appellant, and S. H. POMEROY Co., INC., Respondent, Impleaded with G. RICHARD DAVIS & Co., INC., and Others, Defendants.

First Department, May 4, 1934.

*Albert R. Eberlein* of counsel [*Benjamin C. Loder*, attorney], for the appellant.

*Wilbur F. Earp*, for the respondent.

MARTIN, J. The plaintiff seeks to recover damages for the death of her intestate, a window cleaner, who fell from the sixteenth floor of a building located at 345–353 Seventh avenue, New York city. She sued the defendant, appellant, Clemons Realty Company, Inc., as the owner of the building; the defendant G. Richard Davis & Co., Inc., as the general contractor who erected the building; the defendant, respondent, S. H. Pomeroy Co., Inc., a contractor that installed the window frames, hooks, bolts and screws, and the defendant Harvey Hubbell, Inc., the firm which supplied the screws for the window frames. The death of the intestate is alleged to have been caused by the negligence of all the defendants.

The defendant, appellant, Clemons Realty Company, Inc., set up in its answer a claim against the other three defendants, alleging that if the plaintiff recovers a verdict against it, the liability will have been brought about and caused solely by reason of the careless or negligent act or acts and conduct of the other defendants and without any negligence on its part.

G. Richard Davis & Co., Inc., in its answer set up a similar claim against the defendant S. H. Pomeroy Co., Inc., alleging that if the plaintiff recovers a verdict against the defendant G. Richard Davis & Co., Inc., the liability will have been brought about and caused solely by reason of the negligent act or acts and conduct of the defendant S. H. Pomeroy Co., Inc., and without any negligence upon the part of G. Richard Davis & Co., Inc.

The defendant, respondent, S. H. Pomeroy Co., Inc., moved to strike from the answer of the Clemons Realty Company, Inc., the claim against the respondent, on the ground that it does not state facts sufficient to constitute a cause of action. A similar motion was directed to the cross-complaint set up in the answer of the defendant G. Richard Davis & Co., Inc., upon the same ground. The court at Special Term granted the motion as to both cross-complaints. This appeal has been taken by the Clemons Realty Company, Inc., from so much of the order as grants the motion of the S. H. Pomeroy Co., Inc., for an order striking out the cross-complaint interposed by the Clemons Realty Company, Inc.

The cross-complaint now under consideration is not based on section 211-a of the Civil Practice Act, which created a right to contribution as between joint tort feasors, but is based on the common-law liability imposed upon active wrongdoers to indemnify one held liable through such negligence.

It is urged by the appellant that the respondent and the court at Special Term misapprehended the basis of the cross-complaint. The authorities cited by the respondent at the Special Term and set forth in the opinion relate to cases where a defendant sought to

bring in by motion, under section 193 of the Civil Practice Act, a joint tort feasor as a codefendant, in order to share the liability or assume the full liability of the defendant to the plaintiff. That is not the relief sought in the present case. Here all the parties are already in the case, having been brought in by the plaintiff. The cross-complaint of the appellant against the respondent is based upon the common-law right of full indemnity to the owner of property if he is called upon to pay damages arising from the negligence of an independent contractor.

The respondent contends that one joint tort feasor has no cause of action against the other, and that his only remedy is under section 211-a of the Civil Practice Act. It is argued that there is no question of indemnity here and that section 264 of the Civil Practice Act, relating to the avoidance of a multiplicity of suits by bringing all the parties into one action, is not applicable to this case.

There is a clear distinction between an action brought under section 211-a of the Civil Practice Act and the cross-complaint in the case at bar. Under section 211-a after a plaintiff in a personal injury action *has recovered a judgment* against two or more defendants and such judgment has been paid in whole or in part, the defendant or defendants who have paid more than a *pro rata* share may under certain circumstances be entitled to contribution from the other defendants.

In the present case the plaintiff *has not recovered a judgment.* One of the defendants makes the claim that it is not, as between the defendants, equally liable to the plaintiff. It admits that, as to the plaintiff, it may be liable, but says that as to the defendants, those that are active wrongdoers should indemnify the defendant who is guilty of no active wrong, for which the plaintiff may recover.

Under section 211-a of the Civil Practice Act the action is for contribution from a joint tort feasor. In the present case the cross-complaint demands relief because the active wrongdoer should indemnify the defendant, appellant, in the event that the plaintiff recovers a judgment against both.

In the case of *New York Consolidated R. R. Co.* v. *Massachusetts B. & Ins. Co.* (193 App. Div. 438; affd., 233 N. Y. 547) the court (at p. 442) said: " Here there is no question of contribution, but of indemnity. * * * But where one of the two parties is guilty of the original affirmative act of negligence which caused the injury, and the other is held liable for a failure in some subsequent and different duty, then such other may have an action for indemnity against the one whose original negligent act caused the injury."

At page 443 of the same case we find the following: " In the case

at bar, however, the negligence of the parties was not of the same character; that of Burnham was an affirmative act which created a dangerous condition; that of the plaintiff was a failure of the duty of warning or protection which it owed its passengers. Both justice and authority concur that as between the parties the loss should be borne by Burnham."

In the case of *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461) the court said: " Sufficient cases have been cited to show that one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not, and that the right to indemnity does not depend upon the fact that the defendant owed the plaintiff a special or particular legal duty not to be negligent. The right to indemnity stands upon the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled (by the judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him." (See, also, *Scott* v. *Curtis*, 195 N. Y. 424, 428, and *Village of Port Jervis* v. *First National Bank*, 96 id. 550, 555.)

The above authorities clearly uphold the right to recover against a person whose negligence has resulted in a judgment which has been paid by one not guilty of any active negligence.

In order to avoid a multiplicity of suits and in accordance with the provisions of section 264 of the Civil Practice Act, a defendant who is not primarily responsible for the injury complained of by the plaintiff may serve a cross-complaint against the defendant whose active negligence or wrongdoing is responsible for the liability, provided the bringing of such a cross-action shall not delay a judgment to which the plaintiff may be entitled. It should be noted that the plaintiff herein has raised no objection to the service of the cross-complaint herein.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.