M. H. TREADWELL COMPANY, INC., Plaintiff, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

Supreme Court, Trial Term, New York County, April 7, 1936.

*Phillips, Mahoney, Leibell & Fielding* [*William E. Goldman* of counsel], for the plaintiff.

*William Dike Reed,* for the defendant.

HAMMER, J. This action was tried by the court, jury trial, findings of fact and conclusions of law having been waived.

Defendant, under its policy dated July 1, 1931, insured the plaintiff contractor for workmen's compensation and employers' liability to plaintiff's employees. Plaintiff on July 31, 1931, entered into a contract with the Brooklyn Edison Company, Inc., an owner, in connection with work on the owner's building in Brooklyn. One Wohlfron, an employee of the plaintiff, while working on such building on January 4, 1932, was injured. He was entitled to compensation against plaintiff, but reserving that right sued the owner on March 1, 1932, and on December 1, 1932, obtained a judgment in the Supreme Court, Kings county, for a larger amount than he would be entitled to as compensation. The judgment was affirmed by the Appellate Division, Second Department, June 3, 1933 (*Wohlfron* v. *Brooklyn Edison Co., Inc.,* 238 App. Div. 463), and by the Court of Appeals November 21, 1933 (263 N. Y. 547). The accident happened while plaintiff was proceeding in the building to the place where his work was to be performed. He was passing along a concrete slab completed by another contractor. Two weeks before the accident holes had been cut near the slab by still another contractor performing his part of the work. The holes were undisclosed in the dim light furnished by the owner and the injured employee had not been warned of them. He stepped in one, fell and was injured. The work was under the supervision of the owner's engineer. The judgment was sustained on the violation by the owner of its common-law duty under the circumstances to furnish the injured employee with a safe place to work. The owner (Edison) brought an action against the injured workman's employer (the plaintiff here) on February 1, 1934, for $44,970.98, the amount of the judgment, with costs and interest thereon, as well as $7,570, counsel fees in the action. The employer called upon its insurance company (defendant here) to defend the action, and upon the latter's refusal to defend on the ground that its policy did not contemplate such an action nor indemnify against a recovery, if one there might be, the matter

being one of very serious consideration, retained eminent counsel to defend it. That action was predicated upon the failure of the employer to do the " actual wiring and to provide fixtures for temporary lighting * * * to construct walk ways, platforms, stairs and ladders * * * so that its employees could get around the job with complete safety * * * and to keep said job safe for its employees," by reason of which the employee suffered injury. These things, for the safety of its employees, the owner alleged the contractor was required to do under its contract. The services rendered by defendant's counsel resulted in a discontinuance by the owner of its action. The employer (plaintiff) has brought this action against its insurance company (defendant) for the counsel fees paid for the reasonable value of the legal services rendered in the defense of the discontinued action. Defendant has denied liability on the ground that the owner (Edison) sued for damages for breach of contract by the contractor-employer not indemnified against or contemplated by the policy in suit.

It is clear that under the policy defendant insurance company would only be liable to pay the injured employee such amount as the employer was under obligation to pay. The policy, however, in addition requires the following:

" *Three.* To Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

The parties to this action appear to have taken the position that the Edison Company action was groundless. It seems, however, that such action was predicated not upon the theory of damages for breach of contract, but upon the theory that by reason of alleged liability of the employer to the employee arising out of the contract between the owner (Edison) and the contractor-employer (Treadwell) to assume or perform the duty of the owner to the employee, and the payment by the owner of the judgment obtained by the employee for damages for personal injuries, the contractor-employer owed the amount thereof and counsel fees to the owner. Whether such a theory is fantastic and groundless and amounts in reality to an attempt to sue for damages for breach of contract, under another form, we need not decide if the action appears to be and is under any theory predicated upon injuries to the employee. Clearly the payment by the owner was required to be made on account of injuries to the employee. Clearly also the owner in its action against the contractor-employer sought reimbursement because it paid damages for injuries to the employee.

In addition to the common-law and statutory liability of an employer to his employee, liability may also arise out of warranty, express or implied, or contract between the employer and an owner or similarly situated third party. Such liability would undoubtedly arise where in respect of the employee his employer contracted to assume or perform the common-law or statutory duty of the owner. The owner was under the common-law duty to supply the injured workman with a safe place to work. (*Wohlfron* v. *Brooklyn Edison Co., Inc., supra.*) It would seem that such duty was also imposed by statute. (Employers' Liability Law [Laws of 1921, chap. 121], § 2; Labor Law, § 200; *Hess* v. *Bernheimer & Schwartz Brewing Co.,* 219 N. Y. 415, 418; *Caspersen* v. *LaSalla Bros.,* 253 id. 491.) (See, also, *MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, and cases therein cited.) That the owner (Edison) and the contractor-employer (Treadwell) appeared to have agreed by the stipulation of discontinuance that the action was groundless does not change the theory of the action or affect the rights under the policy of the parties to this action. In my opinion, the language of the policy, giving same the liberal construction to which the insured under our law is entitled, is broad enough to have required the insurance company to defend the action of the owner (Edison) against the contractor-employer (Treadwell). If that construction is correct, it follows that the plaintiff, the insured employer, is entitled to recover the reasonable value of the legal services which counsel retained by plaintiff performed in the defense of that action, as well as the necessary disbursements incurred. In my opinion the amount paid and here in suit, *i. e.,* $3,019, was fair and reasonable.

I direct judgment for plaintiff for that amount, with interest, a total of $3,208.22. Thirty days' stay; sixty days to make case.