MURIEL LASHER, Plaintiff, *v.* MONTGOMERY WARD & CO., INCOR-PORATED, Respondent, and WILLMARK SERVICE SYSTEM, INC., Appellant.

Third Department, March 23, 1938.

*Bernstein & Bernstein* [*J. Sidney Bernstein* and *Arthur H. Bernstein* of counsel], for the appellant.

*Maider & Maider* [*Lydon F. Maider* and *Wesley H. Maider* of counsel], for the respondent.

*Ward & Dunkel,* for the plaintiff.

HEFFERNAN, J. Defendant Willmark Service System, Inc., has appealed from an order of the Fulton Special Term of the Supreme Court denying its motion for judgment dismissing a cross-claim interposed against it by defendant Montgomery Ward & Co., Incorporated, on the ground that such cross-claim fails to state a cause of action against the moving party.

The action is for slander. The material allegations of the complaint are that plaintiff was employed as a saleswoman in the store of defendant Montgomery Ward & Co., Incorporated, at Gloversville, N. Y.; that such defendant employed appellant to test its salespeople in matters of honesty, courtesy, selling efficiency and to use various traps and devices in such investigation to coerce and frighten such employees and that pursuant to such arrangement appellant on June 27, 1936, while engaged in performing such services slandered the plaintiff in the presence and hearing of others and maliciously spoke of and concerning plaintiff the following false and defamatory words: " 'You took that money' (referring to fifty cents which plaintiff had received as the purchase price of some merchandise), ' and used it yourself;' and also (referring to same money), ' You stole that fifty cents.' "

Appellant in its answer denies the material allegations of the complaint except that it admits that it was employed by the codefendant to perform certain services. In addition thereto it sets up the defense of privilege in which it alleges that it conducts a shopping service for the purpose of furnishing to the owners of retail stores information as to the honesty and efficiency of their employees; that it had such an agreement with the codefendant and that it reported a violation by plaintiff to defendant and that such report was truthful and made without malice.

The answer of defendant-respondent consists of a general denial, a separate defense that appellant was an independent contractor and a cross-claim against appellant under the provisions of section 264 of the Civil Practice Act in which respondent seeks to recover judgment against appellant in an amount equal to any judgment which plaintiff may recover. In such cross-claim it is alleged that appellant and respondent entered into an agreement containing, *inter alia*, the following provisions:

" We [Willmark Service System, Inc.] agree with you [Montgomery Ward & Co., Incorporated] that our employees shall make no promises or threats in obtaining from your employees statements of fact covering irregular transactions or at any other time during their operations under this contract, which would in any way bind Montgomery Ward & Co. * * *

" It is understood that we are to be considered an independent contractor and that our employees shall in no event be considered as employees of Montgomery Ward & Co."

The answer also alleges that if the acts of which plaintiff complains were committed, they were committed by employees of appellant and not by respondent or its employees, and that in the event of the entry of a judgment in favor of plaintiff against respondent, such defendant Montgomery Ward & Co., Incorporated, will sustain damages by reason of appellant's breach of its contract.

Section 264 of the Civil Practice Act provides, in substance, that where a judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer and must serve a copy of such answer upon defendants to be affected by the determination, but that such controversy between defendants shall not delay a judgment to which the plaintiff is entitled unless the court otherwise directs.

In the case before us plaintiff has made no objection to the proceeding between the defendants. It is apparent that the controversy between them is not subversive of her rights. A judgment in this case will " determine tne ultimate rights of * * * defendants as between themselves."

It is to be noted that the answer of defendant Montgomery Ward & Co., Incorporated, asserts a common-law right of indemnity against appellant arising out of the relationship created by the agreement. One who is held legally liable for the wrongdoing of another is entitled to indemnity from the latter. The right to indemnity stands upon the principle that every one is responsible for the consequences of his own acts and if another person is compelled to pay damages which ought to have been paid by the wrongdoer such

damages may be recovered from the wrongdoer by the person indemnified. (*Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola*, 134 N. Y. 461.)

On this appeal we are not concerned with the merits of the litigation. We express no opinion on the question of the liability of either defendant. We are deciding only a question of pleading. Respondent Montgomery Ward & Co., Incorporated, contends that it had no control over appellant or its employees; that those employees are chosen by and are answerable solely to appellant and are not subject to the control or direction of respondent. Respondent also asserts that while as between themselves both defendants may be answerable to plaintiff they are not equally liable and that appellant is the actual wrongdoer and under its agreement and also under its common-law liability it is bound to indemnify its codefendant which is guilty of no actual wrong.

On principle and authority we believe that defendant Montgomery Ward & Co., Incorporated, is clearly entitled to assert a crossclaim against appellant. (*Birchall* v. *Clemons Realty Co., Inc.*, 241 App. Div. 286.) The claim asserted in the answer of that defendant states a cause of action.

The order appealed from is affirmed, with ten dollars costs and disbursements.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.