FREDERICK A. BELLOWS, Respondent, *v.* MERCHANTS DESPATCH TRANSPORTATION COMPANY, Appellant.

Fourth Department, May 3, 1939.

*Harris, Beach, Folger, Bacon & Keating* [*Harlan F. Calkins* of counsel], for the appellant.

*William L. Clay*, for the respondent.

PER CURIAM. This case was submitted to the jury upon the theory that it might be found that plaintiff had contracted silicosis due to the negligence of the defendant. The court charged the jury that if they found that the defendant had violated section 200 or 299 of the Labor Law, then the defendant was guilty of negligence.

The defendant attacks the validity of these sections of the Labor Law, upon the ground that the terms thereof are too indefinite and vague to indicate the acts prohibited. But if such terms have long been recognized in law and life, they will be considered sufficiently definite. (*People* v. *Mancuso*, 255 N. Y. 463, 470.)

Section 200 of the Labor Law provides in effect that the employer must provide his employees with a safe place to work and with adequate tools and appliances. It cannot be claimed that this provision is indefinite because that was the common-law duty of an employer. (*Mautsewich* v. *U. S. Gypsum Co.*, 217 N. Y. 593, 597.) Furthermore, the question whether the place to work and the tools supplied were safe, is a question which is ordinarily passed upon by a jury. (*Bidwell* v. *Cummings*, 217 N. Y. 542.)

In *People ex rel. Durham R. Corp.* v. *La Fetra* (230 N. Y. 429; appeal dismissed, *sub nom. People ex rel. Brixton Operating Corp.* v. *La Fetra*, 257 U. S. 665) it was held that a statute, the enforcement of which depended upon the determination of the terms " reasonable rent " and an " oppressive agreement," was not indefinite or uncertain.

In *People ex rel. Pratt* v. *Goldfogle* (242 N. Y. 277) it was held that the statute taxing moneyed capital which comes into competition with the business of national banks, stated a sufficiently definite description of the property to be taxed.

The provisions of section 299 of the Labor Law are sufficiently definite to permit its enforcement. (*Michalek* v. *U. S. Gypsum Co.*, 16 Fed. Supp. 708.)

Power given to the Industrial Board to adopt administrative regulations to carry into effect the provisions of the Labor Law,

is not a delegation of legislative authority. (*Michalek* v. *U. S. Gypsum Co., supra; Koshland* v. *Helvering,* 298 U. S. 441, 446; *Long Island Railroad Co.* v. *Department of Labor,* 256 N. Y. 498.)

It has been held that a violation of these sections of the Labor Law by an employer gives an injured employee a right of action to recover damages. (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287.)

We do not find any error in the charge of the court. The evidence is sufficient to support the finding of the jury that the plaintiff contracted silicosis due to the negligence of the defendant and that plaintiff was free from contributory negligence.

The judgment and order should be affirmed, with costs.

All concur, except TAYLOR, J., who dissents and votes for reversal on the facts and for granting a new trial. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order affirmed, with costs.