BURRIS v. AMERICAN CHICLE CO. (ASHLAND WINDOW & HOUSE CLEANING CO., Inc., Third Party Defendant-Appellant).

No. 278.

Circuit Court of Appeals, Second Circuit.

May 26, 1941.

---

Alexander Loeb, of New York City (Ralph Stout, of New York City, and Louis Rothbard, of Brooklyn, N. Y., of counsel), for plaintiff-appellee-appellant.

Herbert F. Hastings, Jr., of New York City (F. G. Mann, of New York City, of counsel), for defendant-appellant American Chicle Co.

Aaron William Levy, of New York City (Aaron William Levy and Beryl H. Levy, both of New York City, of counsel), for third party defendant-appellant Ashland Window & House Cleaning Co. Inc.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff received bodily injuries when he fell from a swinging scaffold while at work as an employee of Ashland Window & House Cleaning Company, Inc., in the performance of the latter's contract with the owner to clean the windows in a public building owned by the American Chicle Company in New York City. He sued the American Chicle Company and it in turn cited in the Ashland Company under a third party complaint upon the theory that it was bound to indemnify Chicle in so far as the latter was liable to the plaintiff. Jurisdiction rests upon diversity of citizenship. The trial was to a jury. As the case was submitted, the only count in the plaintiff's complaint was based upon a violation of Sec. 202 of the New York Labor Law, Consol.Laws, c. 31, and the rules of the Industrial Board of the Department of Labor of the State of New York promulgated thereunder. A verdict was returned for the plaintiff which was attacked by motion to set it aside as excessive and to grant a new trial. The granting of the motion was prevented by a stipulation by the plaintiff that judgment might be entered for a reduced amount. Judgment for such amount was then entered against American Chicle Company and judgment over in its favor against the Ashland Company. All parties appealed.

There was ample, though on some material points disputed, evidence to enable the jury to find as follows:

The plaintiff who had had some twelve years experience in the work was, just before he was hurt on October 14, 1937, on a swinging scaffold with another workman, named Moore, on the outside of a building owned by the American Chicle Company cleaning the windows from the outside. He was employed by the Ashland Window & House Cleaning Company, Inc., which furnished the scaffold and its equipment including the ropes by which it was held in place and raised or lowered. As the men were lowering the scaffold on the ropes and had it between the fourth and third floors of the building, one of the ropes broke. The end of the scaffold which had been held by the broken rope dropped down and the plaintiff was injured when, as a result, he fell to a loading platform below. The Ashland Company cleaned the windows of this building periodically under a contract it had with the owner and in so doing furnished its own men and equipment to do the work. The owner made no inspection and no tests of the equipment used to determine whether it was adequate to comply with the requirements for safety, statutory or otherwise.

The plaintiff worked under the direction of one Grossman who was in charge of the window cleaning done by the Ashland Company, and who was at this job nearly every day.

The scaffold was about eighteen feet long and was, on the day of the accident, supported at one end by a comparatively new rope which had been in use about five months and at the other by the rope which broke; an older one that had been in use considerably longer and had once been

laid aside and then returned to use when a new one that had been put in its place had been caught in a window and damaged.

On part of the windows, muriatic acid was used which was brushed on full strength and then washed off with water. When this was done such water would wet the ropes and much of each rope was so wet every day acid was used. Acid had been used on other jobs in 1937 when these ropes were in use as well as on this job and it loosened short fibres on the ropes so that they came off on the workmen's hands when the ropes were handled.

The rope which broke was one inch in diameter and known as a three strand manilla. Two of the strands were "puckered" in places throughout most of its length and where this was so the third strand would be tight and have to bear the load until and unless it stretched to allow the looser puckered strands to be pulled tight. The plaintiff told Grossman when he directed him to return the rope to use that "it did not look so good" but Grossman said, "It was all right when you put it away."

The plaintiff and his fellow workman tested the ropes on the scaffold frequently, and did so on the day of the accident, by both jumping on first one and then the other end of the scaffold when it was hanging a short distance above the ground. This test was not adequate but should have been made by enough men to put a strain upon the ropes of about four times the weight they would carry in use.

After the accident, the broken rope was that day taken by Detective Moore to the station house and left in the record room where it remained until September 12, 1938, when he called a telephone number Grossman had given him as his office phone and asked to have the rope removed. It was then taken away.

Moore continued to work for the Ashland Company until December 1939. In May of that year the plaintiff went with another man to the building where he had been injured in the accident and asked Moore for the rope. Moore went into the basement of the building and gave a rope to the man who brought it out to the plaintiff. The plaintiff took it to the office of his attorneys where it remained, except when it was being tested by one Gellis who testified as to its condition, until it was produced in court. The plaintiff had tied rags and red string upon the rope when he

received it from Moore and testified that the rope in court was the one so received and the one which broke in use when he was injured. He testified that he knew it was the same rope which broke because he recognized a knot in it which had been in the broken rope. The rope was admitted in evidence over objection that it had not been sufficiently identified and that is one of the claimed errors on which reversal is sought.

Sec. 202 of the Labor Law of the State of New York is as follows:

"§ 202. Protection of persons engaged at window cleaning. On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the industrial board. Every employer or contractor shall require his employee while engaged in cleaning any window of a public building from the outside, to use the equipment and safety devices required by this chapter and the rules of the industrial board. No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the industrial board are provided for his protection and used by him while engaged at cleaning such window.

"The industrial board may make rules supplemental to this section by designating safety devices of an approved type and strength to be installed on public buildings or to be worn by window cleaners or both, but the absence of any such rules shall not relieve any person from the responsibility placed upon him by this section."

The rules of the Industrial Board in force at the time of the accident provided inter alia that: "All scaffolds and their supports shall be properly constructed and of ample strength to support safely the maximum number of men plus the weight of the material to be placed on them."

There can be no doubt of the sufficiency of the evidence to show that one of

the supports of this scaffold, the rope which broke, was not of ample strength to support the scaffold safely when in use and the jury was but following the evidence in finding a violation of the statute and rules made in accordance therewith. That being so the liability of defendant American Chicle Company is clear under the principles recently stated by this court in Osborne v. Salvation Army, 2 Cir., 107 F.2d 929 and no good purpose will be served by further discussion of the same points there decided.

Nor was it reversible error to admit the rope in evidence. It was positively identified by the plaintiff as the one which broke and caused his injuries. Such an identification was prima facie sufficient and the judge correctly admitted it; leaving the ultimate fact of its identification to the jury.

The contention is made that Sec. 202 of the New York Labor Law is unconstitutional in that it does not prescribe an intelligible standard of duty; delegates powers which are solely to be exercised by the legislature; and makes an arbitrary and unreasonable discrimination between persons engaged in hazardous work of similar nature on the outside of public buildings and window cleaners.

Such supposed infirmities do not require extended discussion. The standard prescribed is one of safety commensurate with the nature of the work; the power of the Industrial Board to make rules is limited by like considerations; and the hazards inherent in the work of cleaning windows from the outside of public buildings are such that it was reasonable to classify persons so engaged on that basis. This requirement is for a safe place to work and that is a sufficiently definite standard though the means to be provided may vary as particular conditions vary. Bellows v. Merchants Despatch Transportation Co., 257 App.Div. 15, 12 N.Y.S.2d 655, affirmed, 283 N.Y. 581, 27 N.E.2d 440.

The delegation of power was to "make rules supplemental to this section by designating safety devices of an approved type and strength to be installed on public buildings or to be worn by window cleaners or both but the absence of any such rule shall not relieve any person from the responsibility placed upon him by this section." That was but the permissible delegation of the power to make appropriate administrative regulations to carry out the provisions of the statute. See, Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756.

The liability of the Ashland Company to indemnify the Chicle Company rests upon the fact that Ashland undertook to clean the windows from the outside and by failing to comply with the statutory requirements governing the performance of the work was itself the wrongdoer. It is immaterial that there was no express provision for indemnity in the contract between these parties. Oceanic S. & N. Co. v. Compania T. E. Co., 134 N.Y. 461, 31 N. E. 987, 30 Am.St.Rep. 685; American Employers' Ins. Co. v. Brandt Masonry Corp., 252 App.Div. 506, 299 N.Y.S. 984; Birchall v. Clemons Realty Co. Inc., 241 App.Div. 286, 271 N.Y.S. 547.

The statute made it the duty of every contractor to require his employees to use equipment in compliance with its provisions. The breach of this duty has injured the Chicle Company to the extent of the latter's legal liability to the plaintiff. Without any active participation in the wrongful acts or omissions of Ashland, Chicle has become responsible to the plaintiff for the consequences of Ashland's own wrong and has the right to be indemnified by the wrongdoer. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 217, 67 N.E. 439; Eisenberg v. Kemp, Inc., 256 App.Div. 698, 11 N.Y.S.2d 449.

That Chicle's duty to comply with the statute could not be delegated so as to relieve it from liability to the plaintiff does not make Chicle and Ashland joint tort feasors or free Ashland from liability as indemnitor. Mirsky v. Seaich Realty Co., 256 App.Div. 658, 11 N.Y.S.2d 191; Interborough Rapid Transit Co. v. City of New York, 237 App.Div. 612, 262 N.Y.S. 388; Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A.,N.S., 1147, 133 Am.St.Rep. 811. But compare, Thompson-Starrett Co. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35.

Neither is it of consequence on the question of the liability of Ashland to Chicle as indemnitor that the plaintiff was Ashland's employee who was prevented from suing Ashland because their rights and duties were covered by the New York Workmen's Compensation Law, Consol. Laws, c. 67. Westchester L. Co. v. Westchester C. S. E. Corp., 278 N.Y. 175, 15 N.E.2d 567.

Being only liable, however, as an indemnitor, Ashland's responsibility to Chicle is to compensate it for the loss sustained. That loss will not be suffered until Chicle satisfies the plaintiff's judgment and only then will indemnity be due. See, Schubert v. Schubert Wagon Co., 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293. The Chicle's judgment against Ashland should be entered but execution stayed until plaintiff's judgment against Chicle is paid.

The appeal of the plaintiff is based upon the proposition that Sec. 584-a of the New York Civil Practice Act empowers us to review the conditional denial of the motion to set the verdict aside. It is conceded that before that became effective on September 1, 1939 such an appeal would not lie in the state court. See, Sturz v. Leo, 273 N.Y. 550, 7 N.E.2d 687. This amendment, however, does permit in the state court an appeal by the plaintiff notwithstanding plaintiff's stipulation for judgment on a reduced verdict and the amount of the judgment may be increased by the appellate court to an amount not exceeding the amount of the verdict.

The plaintiff argues that we have the same power to increase this judgment which a state appellate court would have in a like appeal there. Apparently this position has been taken on the theory that the Conformity Act, 28 U.S.C.A. § 724, makes this so. That Act, however, never did apply to the Circuit Court of Appeals. Camp v. Gress, 250 U.S. 308, 318, 39 S.Ct. 478, 63 L.Ed. 997; Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 395, 57 S.Ct. 809, 81 L.Ed. 1177.

The action of the trial court in requiring the plaintiff to stipulate for a reduction of the damages as a condition upon the denial of the motion to set the verdict aside and grant a new trial, if ever reviewable in a federal appellate court, can only be reviewed when there has been a plain abuse of discretion. Fairmount Glass Works v. Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Campbell v. American Foreign S. S. Corporation, 2 Cir., 116 F.2d 926. The judgment as entered was for $20,000.00. The evidence as to the effect of the plaintiff's injuries was conflicting and certainly gave a sound basis for the decision by the trial judge as to the fair and reasonable amount of the recoverable damages. We cannot say that there was a clear abuse of discretion and the plaintiff's appeal must be dismissed.

Judgment against the American Chicle Company affirmed. Judgment against Ashland Window & House Cleaning Company, Inc., affirmed but execution stayed until the judgment against the American Chicle Company is paid. Appeal of the plaintiff dismissed.