**LAPUT**

v.

**UNION SULPHUR CO., Inc. et al.**

**UNION SULPHUR CO., Inc.**

v.

**ALLPORTS STEVEDORING CO., Inc.**

United States District Court,
S. D. New York.

Aug. 24, 1953.

Haight, Deming, Gardner, Poor & Havens, New York City, for third-party plaintiff.

Matthew E. Lawless, New York City, for third-party defendant, Purdy, Lamb & Catoggio, New York City, of counsel.

SUGARMAN, District Judge.

Allports Stevedoring Co., Inc., third-party defendant (hereinafter called Allports), moves for summary judgment dismissing the third-party complaint of Union Sulphur Co., Inc., defendant and third-party plaintiff (hereinafter called Union), in an action commenced by Nicholas Laput, plaintiff, against Union to recover for personal injuries sustained on March 10, 1953 aboard Union's vessel, the "Herman Frasch".

Laput, a stevedore in the employ of Allports, was injured while engaged in unloading the vessel under a contract for that work between his employer, Allports, and Union. Although the circumstances of the accident are not fully revealed in the papers on this motion, it appears that Laput's original action against Union was settled and severed from the third-party action when the cause came on for trial on October 3, 1951.

Movant Allports contends that by reason of the fact that it, as Laput's employer, had obtained compensation insurance and had complied with the Longshoremen's and Harbor Workers' Compensation Act,[1] and because the injuries in suit came within the scope of the coverage of that insurance, its liability is governed solely by that Act and it is entitled to a judgment herein as a matter of law. Union does not deny that Laput's injuries were covered by Allports' compensation insurance.

There was no express agreement of indemnity between Union and Allports. However, a reading of the third-party complaint [2] shows that Union proposes to

1. 33 U.S.C.A. § 901 et seq.

2. Cf. Para. Fourteenth: That if the plaintiff [Laput] suffered any damage herein and is entitled to any recovery against defendant [Union] by reason of the matters alleged in the complaint, which liability the defendant and third-party plaintiff [Union] denies, it is by reason of the fault and neglect of Allports Stevedoring Co., Inc., its agents, servants and employees, and because of its failure to perform the obligations resting upon it in the performance of its work.

prove on the trial that an agreement by Allports to indemnify Union for any liability Union might incur by reason of injuries sustained by Allports' employees was part of their contract, implied from the circumstances of the operations in which Laput's injury occurred, under the rule of Burris v. American Chicle Co.,[3] and Rich v. United States.[4]

Whether there was such an implied contract of indemnity is a question that can be determined only when the full facts are before the court; it cannot be resolved on the instant motion.

Motion denied. Settle order.

3. 2 Cir., 120 F.2d 218.

4. 2 Cir., 177 F.2d 688.