Robert E. Noonan, J.
This is a motion by the third-party defendant, hereinafter called Gordon, to dismiss the complaint of the defendant and third-party plaintiff, hereinafter called the Railroad, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The original action is one brought by the plaintiff, an employee of Gordon, against the Railroad for injuries claimed to have been received when the plaintiff fell on February 23, 1959 while washing windows on the property of the Railroad. It is conceded that the Railroad and Gordon had a contract providing for Gordon to wash windows on premises owned by the Railroad. It is likewise conceded that the Railroad was the owner of the premises upon which the alleged accident occurred, and that the building where the alleged accident happened was a public building, as defined in the Labor Law of the State of New York.
The plaintiff’s complaint against the Railroad sounds in negligence and in essence alleges violation of the Labor Law. Without specifically setting forth sections, the complaint obviously claims a violation of section 202 of the Labor Law. It also alleges that the Railroad failed to furnish the plaintiff a safe place to work, which may suggest a claim of a violation of section *356 200 of the Labor Law. It would seem, however, that the allegation with respect to the safe place of work, contained in the plaintiff’s complaint, is simply a further allegation embracing the alleged violation of section 202. In any event, under common law, as well as under section 200, an equal duty is placed upon the owner of premises and upon an employer to furnish a safe place in which to work. A violation of this duty by both the owner and the employer would make them joint tort-feasors and thus if this is the claim of the plaintiff the Railroad is not entitled to a claim-over against Gordon as to it, (Treadwell Co. v. United States Fid. & Guar. Co., 158 Misc. 939, affd. 249 App. Div. 809, revd. on other grounds 275 N. Y. 158.)
Section 202 of the Labor Law reads in part as follows: ‘ ‘ The owner * * * of every public building where the windows are cleaned from the outside shall install and maintain anchors on all windows of such buildings or provide other safe means for the cleaning of the windows of such building as may be required and approved by the board of standards and appeals. The owner * ■ * * shall not require, permit, suffer or allow any window in such building to be cleaned unless such anchors or other means are provided. * * * Every employer or contractor shall require his employee, while engaged in cleaning any window of a public building, to use the equipment and safety devices required by this chapter and rules of the board of standards and appeals.”
This section places different duties on the owner and on the . employer. The owner is required to provide safe means. The employer is required to see that the safe means provided are used by his employee.
In urging that it is entitled to be indemnified by Gordon, the Railroad relies entirely upon the cases of Burris v. American Chicle Co. (120 F. 2d 218) and Kozman v. Trans World Airlines (236 F. 2d 527). It is most significant that in each of these cases means were furnished to the employee for the conduct of the work. In the Burris case scaffolding and ropes were furnished by the employer which, if they had not been defective, would have constituted safe means under the regulations. In the Kosman case a ladder was provided, which under the regulations is considered a safe means, but the court determined that, under the particular circumstances and conditions, it should have been foreseen and anticipated that the ladder was not adequate. The different duties imposed on the owner of premises and the employer, under section 202 are to be distinguished from the obligation imposed by section 241 of the Labor Law, where the same duty is imposed upon each. Thus authorities as to the *357 latter section cast no light on the case at bar. Here it is conceded that no anchors were installed and maintained on the windows in the building where this accident occurred. There is no allegation in the Railroad’s third-party complaint that any means complying with the regulations was provided by it, Gordon or anyone. Without reaching or deciding the issue, it should be pointed out that a quite different problem might exist if the allegations in the Railroad third-party complaint indicated that means called for by the regulations had been provided as in the Burris and Kozman cases. It is entirely possible, under those circumstances, that the different duties of the owner and the employer, imposed by section 202, might then be weighed and tested one against the other. The allegations in the Railroad third-party complaint that Gordon knew and understood that there were no anchors on the windows of the building where the accident happened, and the allegations of the agreement that Gordon would supply the safe means required by the regulations, do not aid the Railroad. The duty imposed upon the Railroad by section 202 is nondelegable. The reasoning expressed in the case of Morris v. Attula (74 N. Y. S. 2d 386) applies to this case. The third-party complaint does not state facts sufficient for indemnity against Gordon, based on primary active negligence as to him and secondary passive negligence as to the Railroad.
On oral argument it was conceded that there is no written indemnity agreement upon which the Railroad relies, which expresses in clear and unequivocal language that Gordon would indemnify the Railroad even for the negligent conduct of the agent, servants or employees of the Railroad. This indemnity is not available to the Railroad under this theory.
The motion to dismiss the third-party complaint is, therefore granted, with leave to the defendant and third-party plaintiff to amend the third-party complaint within 20 days, if so advised.