**Cayetano John REYES, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 21115.**

United States Court of Appeals
Ninth Circuit.

Oct. 6, 1967.

Rush G. Glick, Canoga Park, Cal., for appellant.

William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and PLUMMER, District Judge.

PER CURIAM:

Appellant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) (1964). He contends that exhibits 1, 1-A, and 6 were improperly admitted in evidence. Appellant further contends that if these exhibits had been excluded, the evidence would not be sufficient to sustain his conviction.

Exhibit 1 was a "hold-up" note, handprinted on a withdrawal slip of the bank, which was left at the teller's window at the time of the robbery. Exhibit 1-A was a photograph of exhibit 1, and exhibit 6 was an enlarged photograph of the same exhibit.

■ Appellant's specifications of error assert that the complete continuity of the chain of custody of these exhibits was not established—*i. e.*, that there was a lack of proper foundation. After examining the record, we conclude that the chain of custody was complete and that the Government was under no obligation to produce as witnesses all persons who may have handled exhibit 1. Cf. Gallego v. United States, 276 F.2d 914 (9th Cir. 1960). Exhibit 1 was unique and readily identifiable, and the photographic reproductions of exhibit 1 were positively identified by several witnesses. Cf. Burris v. American Chicle Co., 120 F.2d 218 (2d Cir. 1941).

■ The fact that the bank was robbed was clearly established. The government witness Sandoval testified that he had been approached by appellant to participate in the bank robbery, that the "hold-up" note had been prepared in his apartment, and that after being prepared it was shown to him. Sandoval also testified that on the evening of the robbery appellant denied to him that he had robbed the bank, but that appellant had subsequently admitted to him that he had robbed the bank and had then paid him the sum of $75.00 to apply on an existing debt. Standing alone, his testimony, if believed by the jury as it apparently was, together with that of government witnesses Sicre and Russoe, was sufficient to sustain appellant's conviction.

Affirmed.