INTERBOROUGH RAPID TRANSIT COMPANY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, February 17, 1933.

*B. H. Ames* of counsel [*James L. Quackenbush,* attorney], for the appellant.

*Vine H. Smith* of counsel [*Samuel A. Bloom* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

FINCH, P. J.   The action is brought by the Interborough Rapid Transit Company against the city of New York to determine as between the parties who should pay the damages arising out of the death of a pedestrian resulting from injuries received by the opening of a subway emergency exit door in the sidewalk.

Judgment for said damages was recovered against the plaintiff. Plaintiff paid said judgment and now sues to recover over from the defendant the amount so paid, upon the ground that the accident occurred solely through the negligence of this defendant.

The facts are that the city, through its bureau of engineering,

department of public works, was duly engaged in making a survey for the widening of West Twenty-fifth street, from Broadway to Seventh avenue. The work was in charge of one McEvoy. In the performance of the work it was found necessary to open a subway emergency exit door that lay flush with the sidewalk. McEvoy requested an employee of the plaintiff to open the door, exhibiting his badge of employment by the city and explaining the purpose for which the opening was desired. The Interborough's employee stated to McEvoy that he would telephone for permission. He telephoned the Interborough, and, returning, asked McEvoy who would look out for the top. McEvoy replied: "We would be up on the top looking out for when the man reached there, and we would let him know when it was clear after he had reached there, to raise the door." The Interborough's employee then returned to the telephone and completed his conversation, whereupon he informed McEvoy a man was being sent down to open the door. An employee of the Interborough shortly thereafter arrived, and was instructed by McEvoy to open the door from below upon signal. McEvoy and his three assistants stood on guard upon the sidewalk around the door. Upon their signal, the Interborough's employee started to open the door. Thereupon a woman passed by the employees of the city and stepped upon the door. The city's employees then yelled to the employee of the Interborough to stop, and he did. Nevertheless, the pedestrian suffered injuries which resulted in her death.

From the foregoing it is obvious that the negligence in failing adequately to guard the opening in the sidewalk was wholly that of the employees of the city. In such case, notwithstanding the liability of the Interborough for injuries to a pedestrian arising out of its unguarded opening in the sidewalk, because of the non-delegable duty of the Interborough safely to guard said opening, yet as between it and the city the latter stands in the relation of an indemnitor. In such a situation the rule precluding indemnity between joint tort feasors does not apply.

The case at bar would seem clearly to fall within the authority of *Scott* v. *Curtis* (195 N. Y. 424) where Judge CHASE, writing for the court, said: "'When the removal of a cover from a coal hole by the owner's permission creates danger to persons passing along a sidewalk the owner is liable for any negligence in failing to see that proper safeguards or warnings are provided to reasonably protect the public from such danger. [Citing cases.] The liability of the owner of real property for injury to a passerby for negligence in covering, or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the conse-

quences of their acts. The liability to the passerby is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally liable therefor. [Citing cases.] Where the liability rests upon two or more persons who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent."

If, therefore, the city is responsible for the acts of its employees in undertaking to guard the opening as aforesaid, then within the case above cited, liability of the city to the Interborough would follow. In this connection, it appears that the work of widening the street had been duly authorized and pursuant thereto the survey in question was being made under the direction of McEvoy. The latter had implied authority to arrange for the details incidental to the work. The opening of the exit door was such an incident. The Interborough agreed to open said door upon request of McEvoy on behalf of the city upon condition that the opening would be adequately guarded. It was within the scope of McEvoy's employment to accept such condition. (*Post* v. *Stockwell*, 44 Hun, 28; *McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202, 206.)

It follows that the judgment appealed from should be reversed, with costs, and judgment directed for the plaintiff for the amount sued for, with costs.

MERRELL, MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for the plaintiff for the amount sued for, with costs.