ALEXANDER WADE, Plaintiff, *v.* VILLAGE OF LIVONIA, Defendant, and ELAM SAND AND GRAVEL CORP. and JAMES A. GUDGELL, Impleaded Defendants.

Supreme Court, Livingston County, August 22, 1940.

*Austin W. Erwin,* for the plaintiff.

*Crane & Carey,* for the defendant.

*Dwyer, Reilly, Roberts, McLouth & Dicker,* for the impleaded defendants.

WHEELER, J.   The plaintiff commenced his original action against the village of Livonia for negligence in leaving an open ditch unguarded on one of its streets during the construction of new sewers therein by independent contractors.   After issue was joined, the defendant, Village of Livonia, upon due notice to plaintiff, obtained an order from the Special Term, bringing in as parties defendants in the action, Elam Sand and Gravel Corp. and James A. Gudgell, pursuant to subdivision 2 of section 193 of the Civil Practice Act.   The impleaded defendants now seek to have the order joining them as parties vacated, and the supplemental answer and summons directed to them set aside.   The plaintiff has appeared herein, but does not oppose the bringing in of the additional parties.

It is well settled that a defendant in a negligence action cannot obtain joinder of a joint tort feasor not made a party by plaintiff, where there is no existing liability over. This liability over on the part of the party sought to be brought in may exist by reason of contract or status. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; Civ. Prac. Act, § 193, subd. 2.)

The moving papers, which include excerpts from the contract between the village and the impleaded defendants, do not show any contractual liability over to the village. There is no provision whereby the impleaded defendants undertake to save the village harmless, or in any other way to specifically indemnify the village against claims. There remains, therefore, the question as to whether the defendants may be liable over by reason of status.

It is true that the village may not delegate its duty to safely guard its streets. It may be responsible for damages for its failure to perform its duty, even though the negligence of another may have caused the dangerous condition complained of. In this sense the liability may be said to be joint. However, the rule that the court should not interfere as between joint tort feasors is not applicable, where one of the two parties chargeable with negligence is primarily liable therefor, and the other is only liable by reason of its ownership of the property, and not by reason of any negligence occurring by its active interposition, or with its affirmative knowledge or consent. Under such circumstances, as between themselves, the active wrongdoer stands in the relation of an indemnitor to the party who is legally liable. (*Scott* v. *Curtiss*, 195 N. Y. 424; *Interborough Rapid Transit Co.* v. *City of New York*, 237 App. Div. 612; *Toth* v. *Kennedy & Smith*, 259 id. 855; *Hailfinger* v. *Meyer*, 215 id. 35.)

In the case last above cited the Appellate Division, Fourth Department, states the rule as follows: " The owner and contractor were not in *pari delicto;* wherefore, ' the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense.' (*Lowell* v. *Boston and Lowell R. R. Corp.*, 23 Pick, 24, 32.) "

The moving papers fairly establish that the dangerous condition of the street which caused the accident was created wholly by the impleaded defendants, and the village's liability to plaintiff is solely because of its failure to take notice of that condition. Therefore, the defendant village and the impleaded defendants are not in *pari delicto*. It may be determined that the defendant contractors were the active wrongdoers, and the defendant village only passively negligent. Under such circumstances the impleaded defendants would be liable over to the village under the theory of indemnifica-

tion. In any event there were sufficient facts before the court to justify the exercise of its discretion in bringing in the impleaded defendants.

The motion to vacate the order bringing in the impleaded defendants as well as the alternative motion to dismiss the supplemental answer for failure to state facts sufficient to constitute a cause of action are denied. The third alternative motion to strike out all reference to insurance policies appearing in paragraphs " Seventh " and " Tenth " of the amended answer is granted. No costs to either party.

Order may be submitted.