WILLIAM SMITH, an Infant, by ELIZABETH SMITH, His Guardian ad Litem, and ELIZABETH SMITH, Respondents, *v.* 167TH STREET AND WALTON AVE. CORPORATION, JOSEPH GAGLIANO, Doing Business under the Trade Name and Style of NATIONAL LATHING Co., and GUS SCHLAIER and FRANK SCHLAIER, Individually and as Copartners, Doing Business under the Firm Name and Style of GUS SCHLAIER'S SONS, Appellants, Impleaded with NATIONAL LATHING Co., INC., and Others, Defendants.

First Department, July 3, 1942.

*Jeremiah A. Houlihan*, for the appellants Gus Schlaier and Frank Schlaier, individually and as copartners, etc.

*Clarence Zipp* of counsel [*J. Austin Lyons* with him on the brief; *Phillips & Ahearn*, attorneys], for the appellant 167th Street and Walton Ave. Corporation.

*I. Maurice Wormser* of counsel [*Leonard Bronner, Jr.*, with him on the brief; *Christensen & Eberlein*, attorneys], for the appellant Joseph Gagliano.

*George W. Markey, Jr.*, of counsel [*Edward Connor Markey* with him on the brief], for the respondents.

COHN, J. The infant plaintiff, William Smith, while walking on the sidewalk adjacent to a building in the course of construction, was struck by a metal portion of a fire escape known as a " return " which had fallen from an unfinished fire escape on the second floor. Suit was instituted to recover damages for the injuries sustained by the infant. The action was joined with one brought by the boy's mother to recover damages for loss of services. After trial a jury verdict was rendered in favor of plaintiffs against defendant-appellant 167th Street and Walton Ave. Corporation (hereinafter referred to as " Walton Ave."), the owner and general contractor, and against the defendants-appellants Gagliano and Schlaier, each of the latter defendants-appellants being sub-contractors.

There was evidence from which a jury reasonably could find: (1) that Gagliano was liable for the reason that his employees thrust a plank out of a window on the second floor, which plank came in contact with the unfastened return of a partially completed fire escape, causing the return to fall to the sidewalk below; (2) that defendants Schlaier, who were engaged in the erection of the

fire escapes, were liable because they had left the return leaning against the outside wall of the building, near the open end of the fire escape and overlapping the window opening; (3) that defendant Walton Ave. was negligent in that it had provided no shed over the sidewalk to protect pedestrians, had failed to erect signs or otherwise warn passersby of possible danger from falling materials, had left the ends of the fire escapes and the adjacent window openings unguarded and generally had failed to take precautions which would have prevented the accident. We think that the verdict of the jury against each of the three appellants was amply supported by the evidence. We find, too, that in view of the serious nature of the injuries sustained by the infant, the verdict in favor of plaintiffs was not excessive.

At the commencement of the trial the parties stipulated that if a verdict should be rendered against Walton Ave., the judge should determine as a matter of law whether Walton Ave. was entitled to judgment on its claim over against defendants Schlaier. After the jury had rendered its verdict the court granted judgment to Walton Ave. on its cross-complaint against defendants Schlaier. In this we think the trial court erred. By its verdict the jury found that each of the three appellants was negligent and that each was a joint tort feasor. In its cross-complaint against appellants Schlaier, Walton Ave. alleges that the accident was " primarily brought about and caused wholly and solely by the careless and negligent act and conduct " of Schlaier. While Schlaier's negligence in leaving the iron returns loose and unguarded on the fire escape of the building was a contributing factor to the accident, Walton Ave.'s negligence in failing to supply the necessary safeguards for pedestrians using the sidewalk and its omission to properly supervise the construction of the building were acts coincident with any negligence induced by Schlaier or by Gagliano. These two parties were *in pari delicto* and in the absence of a contract of indemnity there can be no liability over.

No judgment over may be awarded in favor of one joint tort feasor against another where the negligent act of the party seeking such indemnity concurred in the wrong which caused the damage. (*Oceanic S. N. Co.* v. *Co. T. E.*, 134 N. Y. 461; *Scott* v *Curtis*, 195 id 424, 428; *Iroquois Gas Corp.* v. *International R. Co.*, 240 App. Div. 432, 433; *Booth* v. *Carleton Co., Inc.*, 236 id. 296, 298; *Eisenberg* v. *Kemp, Inc.*, 256 id. 698, 703.) Unless it is established that the party against whom the indemnity is sought was primarily liable and that the party seeking the indemnity was free from participation in any affirmative act of negligence, there may be no recovery over. (*Scott* v. *Curtis, supra; Carroll* v. *City of Dunkirk,*

234 N. Y. 579; *N. Y. Consolidated R. R. Co.* v. *Massachusetts B. & Ins. Co.*, 193 App. Div. 438; affd., 233 N. Y. 547; *Dudar* v. *Milef Realty Corp.*, 258 id. 415; *Interborough Rapid Transit Co.* v. *City of New York*, 237 App. Div. 612; affd., 262 N. Y. 612. See, also, *Employers' Liability A. Corp.* v. *Post & McCord*, 286 id. 254, 264, opinion by RIPPEY, J.)

The judgment should be modified by striking out the two paragraphs thereof which provide for judgment over in favor of the defendant Walton Ave. against the defendants Schlaier, and by providing in place thereof that the cross-complaint of the defendant Walton Ave. as against the defendants Schlaier be dismissed, with costs to the defendants Schlaier against the defendant Walton Ave., and as so modified affirmed, with costs of this appeal to the plaintiff against defendants and to the defendants Schlaier against the defendant Walton Ave.

MARTIN, P. J., UNTERMYER and CALLAHAN, JJ., concur.

Judgment unanimously modified by striking out the two paragraphs thereof which provide for judgment over in favor of the defendant 167th Street and Walton Ave. Corporation against the defendants Gus Schlaier and Frank Schlaier, and by providing in place thereof that the cross-complaint of the defendant 167th Street and Walton Ave. Corporation as against the defendants Gus Schlaier and Frank Schlaier be dismissed, with costs to the defendants Gus Schlaier and Frank Schlaier against the defendant 167th Street and Walton Ave. Corporation, and as so modified affirmed, with costs of appeal to the plaintiff against defendants and to the defendants Gus Schlaier and Frank Schlaier against the defendant 167th Street and Walton Ave. Corporation.