On appeal by the third party defendants-appellants, the judgment over in favor of the Maran Construction Co., Inc., upon its third party complaint against its subcontractor, the employers of plaintiff, for the amount of plaintiff’s recovery, insofar as appealed from, is reversed upon the law and the facts, with costs, and the third party complaint dismissed on the law, with costs to the third party defendants-appellants against the third party plaintiff-respondent. In our opinion the evidence adduced upon the trial sustains the finding implicit in the verdict and in the answers by the jury to the submitted questions that the general contractor was negligent in furnishing the defective beam and knowingly permitting its use as it was being used, without inspecting it for defects, and in failing to furnish the plaintiff a safe place to work. The general contractor failed to establish that the plaintiff’s employers were the primary active wrongdoers and that it, the third party plaintiff, was guilty of passive negligence only. In the aspect most favorable to the general contractor, the record establishes that the general contractor was a joint tort-feasor in pari delicto with the plaintiff’s employers (Labor Law, § 200; Caspersen v. La Sala Bros., 253 N. Y. 491, 494; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145, 151; Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, 465, affd. 263 N. Y. 547; Smith v. 167th St. & Walton Ave. Corp., 264 App. Div. 570, 572; Union Stock Yards Co. v. Chicago, Burlington & Quincy R. R. Co., 196 U. S. 217, 227). The general contractor, third party plaintiff, made no request that any issues between it and the third party defendants-appellants should be submitted to the jury, made no objection thereto and acquiesced in the practice followed by the trial court in that respect. Present — Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ.