Louis L. Friedman, J.
In this action, plaintiffs, mother and son, sue on two causes of action. The son, the infant plaintiff herein, sues to recover through his mother as his guardian, for personal injuries sustained by him as a result of his hand being caught and drawn into “ an automatic electric clothes wringer device ” which was on display and in operation in defendant’s store. He charges the defendant with negligence. The mother asserts a separate cause of action in her own behalf to recover damages for “ shock ” sustained by her, for medical care and medicines for the infant, and for loss of “ her said son’s society.” Defendant has cross-complained against the mother (Civ. Prac. Act, § 264), contending that if it should be cast in liability for the claim made against it by the infant plaintiff, it is in turn entitled to claim indemnity over against the mother inasmuch as the occurrence ‘1 was due to the negligence of plaintiff Bhoda Siegel in failing to care for, protect and control the infant plaintiff David Siegel who was then and there in her company, without active or primary participation therein on the part of defendant Sears, Boebuck And Co.”. The third-party defendant, who is also one of the plaintiffs as aforestated, now moves to dismiss such cross complaint as legally insufficient.
Under the allegations and theory of plaintiffs’ complaint, defendant cannot be cast in negligence unless it be found dere *964 lict in that degree of care which it might reasonably be expected to take with respect to an infant snch as this one, who may be deemed to be an invitee into its premises for the purposes of defendant’s business. It is taxed specifically with failure “ to provide close and constant supervision of an operating electric washing machine clothes wringer “in failing to place said operating mechanical device beyond the reach of any and all persons, particularly children, who came into defendant’s store “in failing to provide any notice and/or warning to customers in the defendant’s store of the operation of said clothes wringer and the potential dangers thereof ’ ’; and ‘ ‘ in failing to use reasonable care and prudence in the maintenance and operation of defendant’s premises.”
Even if the theory advanced by the defendant could spell out a cause of action against the mother of the infant, at best, the defendant and the mother would be in pari delicto. It is only where one person may be said to be passively negligent while the one against whom a cross complaint is asserted may be said to be actively negligent, that the law permits the assertion of a cross complaint in a negligence action (except, of course, where there is an agreement of indemnification). The Appellate Division of this department has written: ' ‘ The complaint contains no allegations of facts establishing or tending to establish that any defendant was only passively negligent, as contrasted with another charged with active negligence.” (Shass v. Abgold Realty Corp., 277 App. Div. 346, 348; see, also, Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168, 170.)
The court is of the opinion that under no circumstances could this mother be chargeable with negligence in this case. But even if she were negligent, her negligence would be no more than concurrent negligence and that would not be a basis for the indemnity sought since such recovery may not be had as between joint or concurring wrongdoers (Kennedy v. Bethlehem Steel Co., 282 App. Div. 1001; Smith v. 167th St. & Walton Ave. Corp., 264 App. Div. 570, 572). The infant, of course, would not be barred of recovery by any act of negligence of the mother, even if established (Domestic Relations Law, § 73).
In any event, if the defendant were permitted to assert a cross complaint of this nature against the mother, then such cross complaints would be permitted to be asserted in almost every case where an infant sustained personal injuries. By merely contending that the parent should have taken better care of an infant of tender years, and should have more properly supervised said infant’s activities, the defendant would be permitted to go before a jury with a request for judgment over. *965 A case where an automobile struck an infant in the street would wind up with a cross complaint against the mother who was in her third-floor apartment when the accident happened, upon the theory that she should have kept the child in the house or should have been down on the sidewalk, more carefully supervising his activities. A child who was injured because of a break in the sidewalk and who asserted a claim therefor, would find his mother sued because she failed to properly supervise his activities and the manner in which he walked on the sidewalk. If an explosion were to occur, as a result of which some child, not too far distant from the scene of the explosion, was injured, the mother would find herself as an impleaded third-party defendant because she, in her mature judgment, permitted the child to be too close to the place where excavation or explosive activities were taking place. And so on, in numerous situations. Such a theory of liability over is rather farfetched and there seems to be no merit to the cross complaint even if the question of active and passive negligence were not here being considered.
The motion to dismiss the cross complaint is granted. Settle order on notice.