Action by an infant to recover damages for personal injuries and by his father for medical expenses and loss of services. The infant is alleged to have been injured when a sidewalk cellar door fell on him. The action, based on allegations of negligence and nuisance, is brought against Rosa Hyams, the owner of the building, Harry Rosenberg, the lessee of a store therein, and the Brooklyn Union Gas Company, alleged to have opened the cellar door in connection with work it was performing in the repair of, or installation of, its equipment in the roadway in front of the building. Rosenberg served an amended answer, verified March 12, 1956, containing an amended cross complaint for judgment over against the Gas Company, alleging active negligence on its part. The appeals are (1) from an order dated August 24, 1956, granting respondent’s motion to dismiss the amended cross complaint and (2) from an order dated November 1, 1956, denying appellant’s motion to vacate the order dated August 24, 1956, or for alternative relief. Order dated August 24, 1956 reversed, with $10 costs and disbursements, and *1001 motion denied with, leave to respondent to answer the amended cross complaint within 10 days after the entry of the order hereon. Plaintiffs allege that the cellar door was under appellant’s control. The amended cross complaint alleges that respondent operated, controlled, and actually opened the cellar door improperly, and failed to properly secure the door or to warn pedestrians, of all of which appellant had no actual knowledge. In this state of the pleadings, appellant may be held responsible for failing to discover and remedy a dangerous condition, and should be permitted to eross-eomplain against the party that created the danger (Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204; Tipaldi v. Riverside Mem. Chapel, 298 N. Y. 686; Interborough R. T. Co. v. City of New York, 237 App. Div. 612, affd. 262 N. Y. 612). The right to indemnification may be predicated upon any version of the accident permitted by the pleadings (Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955; Robinson v. Binghamton Constr. Co., 277 App. Div. 468; Cosgrove v. City Ice & Fuel Co., 275 App. Div. 1030). It is immaterial whether the primary complaint alleges a breach by appellant of a nondelegable statutory duty (Richardson v. Cannold Holding Corp., 308 N. Y. 932; Lobello v. City of New York, 268 App. Div. 880, affd. 294 N. Y. 816). Appeal from order dated November 1, 1956 dismissed, without costs, as academic.
Nolan, P. J., Wenzel, Beldoek, Ughetta and Kleinfeld, JJ., concur.