# THE STATE OF MARYLAND, For the Use of the State Accident Fund et al.,

*vs.*

# THE NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD COMPANY.

*Workmen's Compensation—Enforcement of Primary Liability—Effect of Indemnity Agreement—Parties Plaintiff.*

The agreement of an employer, engaged in operations upon a railroad company's property, made with the company, to indemnify the latter against any liability on account of claims for damages sustained by any person by reason of such operations, is not a bar to an action brought in behalf of the State Accident Fund, as insurer of the employer, to recover against the railroad company under section 58 of the Workmen's Compensation Act, as amended by Acts 1920, ch. 456, on account of its liability under an award for the death of an employee which resulted from the company's negligence.  pp. 309, 310

That an award under the Workmen's Compensation Act, on account of the death of an employee, was against the employer and the insurer jointly, does not render the employer a necessary party plaintiff to a suit instituted by the insurer, under section 58 of the act, to enforce the primary liability of another, it appearing from the declaration that the insurer has paid, or will pay, the entire award.  p. 310

As the State Accident Fund consists of liability insurance premiums paid to the State treasury and administered by State officials, it is proper that a suit for the benefit of the fund be brought in the name of the State.  p. 311

The widow of an employee killed in the course of his employment having, under section 58 of the Workmen's Compensation Act, a contingent interest in any recovery in an action brought under such section, it was proper to name her as one of the parties for whose use such an action was instituted.  p. 311

*Decided June 22nd, 1922.*

Appeal from the Circuit Court for Wicomico County (BAILEY and DUER, JJ.).

Action by the State of Maryland, for the use of the State Accident Fund and Rachel Johnson, against the New York, Philadelphia and Norfolk Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Alexander Armstrong, Attorney General,* and *Amos W. W. Woodcock, Assistant Attorney General,* for the appellant.

*George II. Myers,* with whom were *Miles & Myers* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The State Industrial Accident Commission, on January 25, 1921, ordered that George U. McAllen, employer, and the State Accident Fund, insurer, pay certain weekly amounts to Rachel Johnson, the widow and sole dependent of Frank M. Johnson, as compensation for his death from an injury which arose out of and in the course of his employment. The accident which resulted in Johnson's death occurred while he was employed by McAllen in loading mine props on cars by means of a derrick erected and operated on the property of the New York, Philadelphia and Norfolk Railroad Company by its permission. It is the purpose of this suit by the State, for the use of the State Accident Fund and Rachel Johnson, to recover damages from the railroad company under section 58 of the Workmen's Compensation Act, on the ground that Johnson was killed by an electric current with which a chain on the derrick he was operating became charged from an uninsulated wire, conveying electricity of high and deadly voltage, alleged to have been negligently maintained by the

company in dangerous proximity to the derrick and without notice of the peril thus created. The defense to the suit, as set forth in a special plea, is that the derrick was allowed to be erected and used under a license agreement containing a provision that McAllen would indemnify the railroad company from and against all claims for damages sustained by any person or corporation, and arising in any manner or under any circumstances, through the exercise of the right which the agreement conferred. A demurrer to this plea was overruled, and the plaintiff declining to file a replication to the plea, a judgment was entered for the defendant. The appeal from the judgment so rendered is for the purpose of securing a ruling of this Court upon the question as to whether the agreement of the employer of the deceased workman to indemnify the present defendant against any liability for the accident, which caused his death, is a bar to this suit brought under the terms of the Workmen's Compensation Act. By section 58 of that statute, as amended by the Acts of 1920, chapter 456, which became effective before the fatal injury with which the suit is concerned, it is provided:

> "Where the injury or death for which compensation is payable under this act, was caused under circumstances creating a legal liability in some person other than the employer, to pay damages in respect thereof, the employee, or, in the case of death his personal representatives or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages, or against the employer for compensation under this act, or in case of joint tort feasors against both; and if compensation is claimed and awarded or paid under this act, any employer, if he is self-insured, insurance company, association or the State Accident Fund may enforce for their benefit, as the case may be, the liability of such other person; provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured

employee, or, in case of death, to his dependents, less
the expenses and costs of action incurred by the
employer, insurance company, association, or State
Accident Fund, as the case may be. If any such
employer, insurance company, association, or State
Accident Fund shall not, within two months from the
passage of the award by this commission, start pro-
ceedings to enforce the liability of such other person,
the injured employee, or in case of death, his depend-
ents, may enforce the liability of such other person,
provided, however, that if damages are recovered the
injured employee, or in case of death, his dependents,
may first retain therefrom the expenses and costs of
action, after which the employer, insurance company,
association, or the State Accident Fund, as the case
may be, shall be reimbursed for the compensation
already paid or awarded, and the balance in excess of
these items shall enure to the injured employee, or in
case of death, to his dependents."

In this instance compensation was claimed by the depen-
dent of the deceased employee under the provisions of the
act, and the State Accident Fund, as insurer, is making the
weekly payments ordered by the State Industrial Accident
Commission. The conditions, therefore, are such as to entitle
the insurer to enforce any legal liability which may exist on
the part of the defendant to pay damages on account of the
injury for which the compensation paid by the insurer was
awarded. The liability which the insurer may enforce is that
to which the dependent widow of the deceased employee
might have resorted as an alternative to a claim of compen-
sation from the employer. If the death of Johnson was
caused under circumstances which would have made the rail-
road company amenable to a valid claim by his widow for
damages, the State Accident Fund, if not prevented by the
agreement pleaded, has a right to recover the damages for
which the company may be thus responsible. Any amount
recovered in excess of the compensation with which the plain-

tiff is chargeable as insurer is payable under the act to the widow.

It is clear that the agreement upon which the defendant relies could not have affected the widow's right to maintain a suit to enforce the liability here alleged if she had not claimed compensation from the employer, or if the insurer had not brought the pending suit within two months after the State Industrial Accident Commission made its award. In either event her right to sue for damages, resulting from the death of her husband through the defendant's alleged negligence, would not have been prejudiced in any way by the mere fact that her husband's employer had agreed to indemnify the defendant against such a claim. But the employer's insurer, under the Workmen's Compensation Act, is said to occupy a position which makes it subject to the defense interposed. The contention is that the employer himself could not, in view of his agreement with the defendant, have maintained this suit, and that the State Accident Fund, as insurer of the employer under the act, is limited to such right of action against third parties as he might be entitled to exercise. It is argued that the defendant, if made liable to damages in this case, could recover from the employer under his indemnity agreement, and he would thus lose the benefit of the insurance for which the plaintiff contracted. This argument would have greater force if it were being advanced by the employer, and if his obligation, which the State Accident Fund insured, was of the same nature as the liability against which his agreement with the defendant was designed to afford protection. But the contract of insurance and the agreement of indemnity are different, both as to parties and as to their purpose and effect. One assures the payment of compensation to injured employees of the insured or their dependents, which may be claimed from the employer, regardless of any question of fault or negligence, while the other, as here invoked, is an undertaking of the employer to save harmless the defendant from a liability asserted upon a

310    STATE vs. NEW YORK, P. & N. R. CO.

Opinion of the Court.                    [141

theory which the contract of insurance disregards.   If the plaintiff should recover in this action, and the employer were then to reimburse the defendant by reason of the indemnity agreement, there would be no right of recourse to the State Accident Fund, because the insurance it provided was directed solely to the liability of the employer to his employees under the act, and could not be extended to obligations which the employer assumed independently under an agreement with a third party.   The suit, moreover, is for the benefit of the dependent widow as well as for the insurer, and, as already suggested, the agreement relied upon could not possibly impair the widow's right to sue the defendant under the conditions which the act prescribes.   To the extent of any amount recovered in excess of that required to reimburse the State Accident Fund, the widow has a substantial interest in the litigation, and this in itself would be a sufficient reason for holding that the agreement pleaded by the defendant should not be treated as an effective bar to the action.   In our opinion the demurrer to the special plea should have been sustained.

The defendant demurred to the declaration on the ground that the employer of the deceased workman was omitted, and his widow was joined, as a party plaintiff.   It is contended that the employer should have been included because the award by the State Industrial Accident Commission was against him and the insurer jointly, and that the widow could not bring such a suit except in the event, which did not occur, that the insurer and the employer both failed to institute one within the prescribed period.   In view of the averments of the declaration, and the terms of the statute, we see no serious difficulty in the objection raised on the demurrer.   It is alleged that the State Accident Fund has paid all the instalments of the awarded compensation which have become payable, and will pay the amounts hereafter accruing.   By the statute "any employer, if he is self-insured, insurance company, association or the State Accident Fund" is given the

right to "enforce for their benefit, as the case may be," the liability of a person other than the employer to pay damages for the injury on account of which the statutory compensation has been claimed and allowed. An employer whose obligation under the act is fully discharged by an insurer is clearly not a necessary party to an action which the insurer is expressly authorized to bring for the purpose of enforcing the liability of the "other person" to whom the act refers. This action was brought in the name of the State of Maryland for the use of the State Accident Fund and Rachel Johnson. As the State Accident Fund consists of liability insurance premiums paid to the State treasury and administered by State officials, it is proper that a suit for the benefit of the fund under the act should be brought in the name of the State; and as the widow has a contingent interest in the recovery, and could have proceeded in her own right against the defendant if the State Accident Fund had not sued, we see no reason to hold that it was improper to name her as one of the parties for whose use the action was instituted.

*Judgment reversed, with costs, and case remanded for a new trial.*