M. H. TREADWELL COMPANY, INC., Respondent, *v.*
UNITED STATES FIDELITY & GUARANTY COMPANY,
Appellant.

Argued June 10, 1937; decided July 13, 1937.

*William Dike Reed* for appellant. The action against the plaintiff did not fall within any of the provisions in the standard workmen's compensation and employers' liability policy issued by the defendant. (*Matter of Woodward* v. *Conkin & Son*, 171 App. Div. 736; *Thompson* v. *International Harvester Co.*, 141 Misc. Rep. 757; *Fessenden School, Inc.*, v. *American Mutual Liability Co.*, 289 Mass. 124; *Fidelity & Casualty Co.* v. *Highway Const. Co.*, 48 Ohio App. 522; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) The attempt by the plaintiff to enforce a common law liability upon its workmen's compensation insurer was in direct conflict with the provisions of the law and with the intent and purpose of the Legislature in passing the statute (Cons. Laws, ch. 67). (*Matter of Walsh* v. *Brooklyn Daily Eagle*, 262 N. Y. 657; *Sandberg* v. *Seymour Dress Co.*, 242 N. Y. 497; *Matter of Post* v. *Burger*, 216 N. Y. 544; *Matter of Smith* v. *Bartle Mfg. Corp.*, 189 App. Div. 426; 228 N. Y. 564; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Murphy* v. *Rochester Tel. Co.*, 208 App. Div. 392; 240 N. Y. 629; *Matter of Cheesman*, 236 N. Y. 47; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322; *Longwell Lumber & Building Co.* v. *Maryland Casualty Co.*, 144 Misc. Rep. 595.) The intent of the parties under the contract of insurance was to protect the assured's workmen in case of injury in their hazardous employment and to indemnify the employer against liability to its own employees as determined by the Workmen's Compensation Law. (*Wohlfron* v. *Brooklyn Edison Co.*, 263 N. Y. 547; *McNally*

v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Solomon* v. *Continental Fire Ins. Co.*, 160 N. Y. 595.)

*Jeremiah T. Mahoney* for respondent. The defendant was liable to the plaintiff for the expenses incurred in the defense of the suit brought against the plaintiff by the Brooklyn Edison Company. (*Parker Sheet Metal Works, Inc.,* v. *Allied Mutuals Liability Ins. Co.*, 124 Misc. Rep. 756; 216 App. Div. 746; *Zamkin* v. *United States Fidelity & Guaranty Co.*, 121 Misc. Rep. 669; *Longwell Lumber & Building Co.* v. *Maryland Casualty Co.*, 144 Misc. Rep. 595; *Alliance Casualty Co.* v. *Miele,* 249 App. Div. 650; *Compton Heights Laundry Co.* v. *General A. F. & L. Assur. Corp.*, 195 Mo. App. 313; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Matter of Empire State Surety Co.*, 214 N. Y. 553; *Upton Cold Storage Co.* v. *Pacific Coast C. Co.*, 162 App. Div. 842; *Mayor, Lane & Co.* v. *Commercial Casualty Ins. Co.*, 169 App. Div. 772; *Sachs* v. *Maryland Casualty Co.*, 170 App. Div. 494.) Under the facts alleged in the complaint of the Brooklyn Edison Company against the plaintiff as well as the bill of particulars, the plaintiff was liable to the Brooklyn Edison Company for the damages recovered against it by the employee. (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493; *Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; *Birchall* v. *Clemons Realty Co.*, 241 App. Div. 286; *New York Consolidated R. R. Co.* v. *Massachusetts B. & Ins. Co.*, 193 App. Div. 438; *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461.)

LOUGHRAN, J. Brooklyn Edison Company, Inc., let out the construction of an addition to one of its buildings to a number of contractors, including M. H. Treadwell Company, Inc. The work was done under the supervision of engineers employed by the Edison Company. In the course thereof, Valentine Wohlfron, an employee of the

Treadwell Company, while passing in dim light along a concrete slab set by another contractor, stepped into an adjacent hole made by still another contractor and was injured. The Treadwell Company was insured against liability to Wohlfron by the United States Guaranty and Fidelity Company. Pursuant to section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67), Wohlfron elected to pursue his remedy against the Edison Company for its failure to furnish a safe place to work. Judgment against it for his damages was affirmed (*Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463; 263 N. Y. 547).

The Edison Company then brought an action against the Treadwell Company, alleging that the injuries sustained by Wohlfron occurred by reason of the failure of the Treadwell Company to comply with provisions of its contract with the Edison Company whereby it undertook that it " would keep the job safe at all times for its own employees." In that action the Edison Company sought reimbursement for the expenses incurred by it in its litigation with Wolhfron and restoration of its payment of the judgment recovered against it by him. Demand by the Treadwell Company that the Fidelity and Guaranty Company defend that action was refused. Thereafter that action was voluntarily discontinued. Counsel who had represented the Treadwell Company therein was paid by it a fee conceded to have been the reasonable value of his services.

This is an action by the Treadwell Company to recover that item from the Fidelity and Guaranty Company. It has been held below that such a recovery was warranted by the terms of the " Standard Workmen's Compensation and Employer's Liability Policy " which defined the respective engagements of the parties. We have reached a different conclusion.

The policy issued by the Fidelity and Guaranty Company (named as the " Company ") to the Treadwell

Company (named as the "Employer") was a contract whereby the Company agreed "with this Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows: *One* (*a*) To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due. (1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law. * * * *One* (*b*) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * * * *Three*, To Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent. * * *" We think that by no sound construction was an obligation to defend the Treadwell Company in the action instituted against it by the Edison Company to be reckoned among the undertakings so assumed by the Fidelity and Guaranty Company.

The whole position of the Treadwell Company is tied to the foregoing stipulation "Three." This is read by it in inverse order as requiring (1) the defense of claims

for injuries by employees as such, and (2) the defense of any other suit or proceeding " on account of " such injuries. This interpretation, so it is contended, is not capriciously to be dismissed and requires that the covenant to defend be construed as extending to suits or proceedings by third parties against the employer occasioned by injuries received by an employee in the course of his employment. In our judgment this is an inadmissible view of the provisions that have been quoted.

These provisions reveal to us as the dominant purpose of the parties the protection of the Treadwell Company against its liability as an employer to its employees as such. (See Workmen's Compensation Law, § 54; *O'Brien* v. *Lodi*, 246 N. Y. 46.) The meaning and effect of the foregoing covenant to defend are to be resolved accordingly. As we so read it, that undertaking did not go beyond the length of obligating the Fidelity and Guaranty Company to defend all suits and proceedings instituted against the Treadwell Company by any of its employees for injuries in the course of the employment, including, however, all groundless, false or fraudulent suits or proceedings of that character. In that view, there was here no breach by the Fidelity and Guaranty Company of its policy.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.