Western Union Telegraph Company, Appellant, *v.* Gladys E. Cochran, as Administratrix of the Estate of Alfred S. Cochran, Deceased, Respondent.

Argued June 1, 1951; decided July 11, 1951.

*Frank L. Wiswall, John H. Waters* and *Dunton F. Tynan* for appellant. I. The agreement between plaintiff and defendant's intestate is valid. (*Western Union Tel. Co.* v. *Tompa*, 51 F. 2d 1032; *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175; *Lindsay* v. *Chicago, B. & Q. R. R. Co.*, 226 F. 23; *Robinson* v. *Baltimore & O. R. R. Co.*, 237 U. S. 84.) II. The agreement between plaintiff and defendant's intestate binds this defendant. (*Littlewood* v. *Mayor of City of N. Y.*, 89 N. Y. 24; *Holmes* v. *City of New York*, 269 App. Div. 95, 295 N. Y. 615; *Kelliher* v. *New York Central & H. R. R. R. Co.*, 212 N. Y. 207; *Barnhart* v. *American Concrete Steel Co.*, 227 N. Y. 531; *Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142, 194 N. Y. 570; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Bissell* v. *New York Central R. R. Co.*, 25 N. Y. 442; *Kwiatkowski* v. *John Lowry, Inc.*, 276 N. Y. 126; *Dibble* v. *New York & E. R. R. Co.*, 25 Barb. 183.) III. The agreement between plaintiff and defendant's intestate was supported by adequate consideration. (*Western Union Tel. Co.* v. *Tompa*, 51 F. 2d 1032; *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175; *Lindsay* v. *Chicago, B. & Q. R. R. Co.*, 226 F. 23; *Robinson* v. *Baltimore & O. R. R. Co.*, 237 U. S. 84.) IV. Plaintiff has no adequate remedy at law and will be irreparably injured unless the judgment is affirmed. (*Bomeisler* v. *Forster*, 154 N. Y. 229; *Norfolk & New Brunswick Hosiery Co.* v. *Arnold*, 143 N. Y. 265; *Pond* v. *Harwood*, 139 N. Y. 111; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Grammer* v. *Greenbaum*, 146 App. Div. 3; *Burke* v. *Burke*, 212 N. Y. 303; *Moers* v. *Moers*, 229 N. Y. 294.)

*William E. J. Connor, Harold A. Jerry, Clyde A. Lewis* and *Robert J. Feinberg* for respondent. I. The contract of employment is invalid for want of consideration. (*Purdy* v. *Rome, W. & O. R. R. Co.*, 125 N. Y. 209.) II. The agreement of February 15, 1945, between Western Union Telegraph Company and respond-

ent's intestate is void as against public policy. (*Kelly* v. *Central R. R. of N. J.,* 178 App. Div. 685; *Fried* v. *New York, N. H. & H. R. R. Co.,* 183 App. Div. 115, 230 N. Y. 619; *Mercante* v. *Hygrade Food Products Corp.,* 18 N. Y. S. 2d 271; *Rosasco* v. *Ideal Opening Die Co.,* 79 Misc. 507; *Blanton* v. *Dold,* 109 Mo. 64.) III. Respondent's intestate was without power to release appellant's rights against the Delaware & Hudson Railroad Corporation and the agreement of February 15, 1945, by which he intended to do so was inoperative and ineffectual. (*Matter of Brennan,* 160 App. Div. 401; *Stuber* v. *McEntee,* 142 N. Y. 200.) IV. Had decedent lived he would have had a cause of action against the railroad company to recover for his injuries. (Decedent Estate Law, § 130; *Haas* v. *New York Post Graduate Medical School & Hosp.,* 131 Misc. 395; *Greco* v. *Kresge Co.,* 277 N. Y. 26.)

LOUGHRAN, Ch. J. This is an action in equity for an injunction against further prosecution of an action at law and for additional equitable relief.

*In the law action:* The plaintiff is Gladys Elizabeth Cochran. As administratrix of her deceased husband, she sues to recover damages for an asserted negligent act which allegedly caused him conscious pain and suffering and resulted in his death. The defendant is the Delaware and Hudson Railroad Corporation. We shall refer to it as the D. & H. railroad.

*In this equity action:* Western Union Telegraph Company is the plaintiff. We shall refer to it as the telegraph company. The above-named Gladys Elizabeth Cochran as administratrix of her deceased husband is the defendant. At the times here in question, her husband was an employee of the telegraph company. We shall refer to Mrs. Cochran as the administratrix and to her deceased husband as the intestate.

The intestate was fatally injured July 21, 1947. He was then handling a gasoline motor car in the course of his employment by the telegraph company. The motor car belonged to the telegraph company but was being operated upon the tracks of the D. & H. railroad pursuant to permission granted by a 1938 contract which bound the telegraph company (among other things) to save the D. & H. railroad harmless from any liability for death of an employee of the telegraph company occasioned in such circumstances.

Before the intestate went to work for the telegraph company he had delivered to it an instrument in the following text: "Whereas, The Western Union Telegraph Company has adopted and now has in effect a relief plan which, among other things, provides with respect to persons employed in the United States after December 31, 1936, for the payment of compensation to its employees in the event of their accidental injury; and whereas the workmen's compensation laws of many of the States provide for the payment of compensation on account of accidental death occurring in the course of employment; and whereas in the course of my duties as an employee of the above named company, it will be necessary for me from time to time to travel over lines of railroads which the above named company has contracted to indemnify against any liability for injury to or death of persons in its employ while traveling or being on the railroad companies' premises or rights of way in connection with the telegraph company's business, either on a pass or otherwise; now therefore it is agreed by me, in consideration of my employment by the company, and as a term or condition of such employment, that in the case of my accidental injury in the course of my employment for the company while traveling or being on the premises or right of way of any such railroad, I will look for compensation solely to The Western Union Telegraph Company's relief plan, before referred to, of which I have been furnished a copy, and with which I am familiar, or to the Workmen's Compensation Act, and that in case of my accidental death in the course of my employment for the company while traveling or being on the premises or right of way of any such railroad, my personal representatives will look for compensation solely to the Workmen's Compensation Act, if any, which may apply in such case, and that no railroad company which the company may have agreed to indemnify against liability for my injury or death shall be liable to me or to my personal representatives for such injury or death, whether or not the same shall be caused by the negligence of such railroad company or its servants, except that in the event that my accidental death shall occur in a State where there is no Workmen's Compensation Act which shall apply to such death, then and in that event only my personal representatives shall have the right to look to the railroad com-

pany upon whose premises or right of way my accidental death shall occur for compensation therefor.

A. S. COCHRAN
Signature
2-15-45
Date

J. M. WRIGHT
    Witness "

The telegraph company has long been and is now a self-insurer under the New York Workmen's Compensation Law. Agreeably to an order made under that statute by the Workmen's Compensation Board, the telegraph company since November 12, 1947, has paid and the administratrix of the intestate has accepted death benefits awarded to her and to her children. Even so, the administratrix brought the above-mentioned action at law against the D. & H. railroad, with the result that the railroad requested the telegraph company to defend that third-party death action and to save it from liability therein, pursuant to the 1938 indemnity agreement to which we have adverted. Then the telegraph company commenced this equity action to enjoin the administratrix of the intestate from further prosecution of her third-party action against the D. & H. railroad and to compel her to carry out the above-quoted agreement made by her intestate with the telegraph company.

The relief so demanded was granted by the court after a trial at Special Term, but upon appeal to the Appellate Division by the administratrix, the judgment of Special Term was reversed and the complaint dismissed and we now have the case upon an appeal by the telegraph company from the judgment that was entered upon the Appellate Division's order of reversal.

The decisive question is whether the above-quoted agreement made by the intestate with the telegraph company on February 15, 1945, can be given legal effect. In our judgment, the answer is supplied by section 29 of the Workmen's Compensation Law. In substance, it is thereby provided: The right to compensation or benefits under the Workmen's Compensation Law shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the

negligence or wrong of another in the same employ (subd. 6). If, however, an employee entitled to compensation be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in the case of death, his dependents, need not elect whether to take compensation and medical benefits or to pursue his remedy against such third party, but may take such compensation and medical benefits and at any time prior thereto or within six months after the awarding of compensation pursue his remedy against the third party (subd. 1). In the event that the injured employee, or in the case of death, his dependents, commence a third-party action within the time limited, the insurance carrier shall have a lien on the proceeds of any net recovery to the extent of the total compensation and medical expenses (subd. 1). A compromise of any such third-party action by the employee or his dependents at an amount less than the allowable compensation shall be made only with the written approval of the insurance carrier (subd. 5). If the injured employee, or in case of death, his dependents, has taken compensation but has failed to commence a third-party action within the time limited, such failure shall operate as an assignment of the cause of action against the third party to the insurance carrier (subd. 2). (Cf. L. 1951, ch. 527, eff. Sept. 1, 1951.)

To our minds the meaning of the above provisions is not open to question. When, as in this case, a third party has negligently caused an employee's death, ultimate liability to his dependents is cast by the statute upon that party. Here, as it happens, a self-insured employer has agreed to indemnify the negligent third party against its responsibility. But the statute does not allow the remedies of the intestate's dependents to be diminished on that account. Hence the contract made between the intestate and the plaintiff telegraph company was wholly void and for that reason the Appellate Division was right in dismissing the complaint in this equity action.

The judgment should be affirmed, with costs.

Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgment affirmed.