**Robert KINCADE, Eva Kincade and W. S. Kincade, Appellants,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,
Appellee.
No. 18477.**

United States Court of Appeals
Fifth Circuit.

May 9, 1961.

Vincent J. Brocato, Clarksdale, Miss., James T. Kendall, Jackson, Miss. (Gordon & Kendall, Jackson, Miss., of counsel), for appellants.

Junior O'Mara, Jackson, Miss., Brewer, Brewer & Luckett, William O. Luckett, Clarksdale, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., of counsel, for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

This case involves the question whether the Insurer (American Casualty Company) under an employer's general liability policy is liable to reimburse the Assured (Kincade) for the amount paid by him to an indemnitee (C & L) under a hold harmless agreement. The litigation between the Assured (the indemnitor) and the Indemnitee (C & L) was twice before the Supreme Court of Arkansas, C & L Rural Electric Cooperative Corporation v. Kincaid, 1953, 221 Ark. 450, 256 S.W.2d 337; Kincade v. C & L Rural Electric Cooperative Corporation, 1957, 227 Ark. 321, 299 S.W.2d 67. It was under that judgment declaring the indemnitor (Kincade) guilty of 60% and the indemnitee (C & L) guilty of 40% negligence that the Assured (Kincade) paid the indemnitee (and its subrogee—American Casualty Company) the sums of $8,879.63 and $22,198.08.

The background of this case, the contentions and the legal determinations are set forth with clarity in the opinion of the District Court, C & L Rural Electric Cooperative Corporation v. Kincade et al., N.D.Miss.1960, 183 F.Supp. 935, 937. For the reasons set forth by the District Court, we agree that because of the policy definition of "contract," this hold harmless agreement was not within the general insuring agreement as a "liability of others assumed by him under contract for damages." Nor was it specifically scheduled as "any other contract or agreement specially described in this Policy." There was no coverage. We approve as well the Court's determination concerning waiver and estoppel and also reformation for mutual mistake.

Since the Trial Court had before it a a claim based solely on the liability insurance policy and it held that there was no coverage—either initially or by way of waiver, estoppel or reformation—the reserved question of the amount, if any, to be recovered by the Assured evaporated. We mention this because the Trial Court's discussion of its "disposition" of the "other question which is not precisely framed by the pleadings, but is implicit in this controversy", and our affirmance of the judgment, may be misconstrued as a final adjudication of matters arising between Kincade, the Assured, and American, the Insurer, under the workmen's compensation policy.

The effect of the payment by the Assured as Indemnitor to the Indemnitee is that this Assured has reimbursed its own compensation Insurer for the amount which the compensation Insurer originally paid to the injured employee, but which it later recouped as subrogee from the third party, C & L. There is no dispute that the usual rule is that an insurer may not ordinarily recover back from its own assured the amounts which it has properly paid under a policy. But whether this or some other rule should apply is a matter we do not decide. We do not undertake to say what rights, if any, there may be as between Kincade and American under the compensation

policy or relationship. Our affirmance is not to be taken as an approval or disapproval of the statements of the District Court as it might bear on that matter. Nor do we intimate whether the cases discussed and relied on by the District Judge, State Accident Fund v. New York P & N R Co., 1922, 141 Md. 305, 118 A. 795; Umnus v. Wisconsin Public Service Corp., 1952, 260 Wis. 433, 51 N.W.2d 42; Western Union Telegraph Co. v. Cochran, 1951, 302 N.Y. 545, 99 N.E.2d 882; Treadwell Co. v. United States Fidelity & Guaranty Co., 1937, 275 N.Y. 158, 9 N.E.2d 818; 2 Larson, Workmen's Compensation §§ 76.30, 76.41; and 101 C.J.S. Workmen's Compensation § 984, p. 466, are relevant, significant or correct[†]

Affirmed.