Dorothea E. Donaldson, J.
This claim is for damages for personal injuries allegedly sustained as a result of negligence of the defendant, the State of New York. The defendant at the beginning of trial raised the defense that, since claimant, at the time of the alleged damage, was in the employ of the defendant, she was injured under the provisions of the Workmen’s Compensation Law, and that the sole remedy lay within the provisions of that act (§ 29, subd. 6). The court ruled that it had jurisdiction of the claim in accordance with the provisions of section 8 of the Court of Claims Act, in view of the decision in Robison v. State of New York (263 App. Div. 240). The defendant, at the conclusion of trial, requested reconsideration of such ruling.
Claimant, an employee since 1956 as attendant at Willowbrook State School, an institution maintained, controlled and directed by the defendant, on or about October 16,1958, while so employed and in the course of her employment, contracted a virus known as shigella flexneri from a patient in the school. This condition and the disability immediately flowing therefrom is compensable and benefits therefore are limited to the provisions of the Workmen’s Compensation Law.
From October 16, 1958 through November 12, 1958, Mrs. Mickles remained away from employment, receiving medical attention from her private physician. Apparently, during this *955 period her illness was diagnosed as an upper respiratory infection for which her physician treated her with a sulfonamide drug to which she had a slight rash reaction. In the morning of November 13,1958, claimant returned to her duties as an attendant at the Willowbrook State School and worked until such time as her culture was taken, which, when tested, showed that the shigella flexneri was still present. Her supervisor advised her that in accordance with the school regulations she could not continue working that day and could not return to work until this dysentery disappeared. It was suggested that she either report to the infirmary at .the hospital or to her own physician for treatment. Claimant left the State school, visited her physician and, upon receiving prescription for medication from him which he stated would be expensive and would be more reasonable if obtained at the State school, returned to the State school for advice and later for admission to the infirmary. Mrs. Mickles was interviewed at approximately 4:00 p.m., on November 13, 1958 by the admitting physician, entered the infirmary, ate supper and received liquid medication at about 6:00 p.m. Twenty minutes later, claimant had reaction with high fever, developing a few hours later that evening into generalized rash, blisters and excruciating pain until her condition was listed as critical. This claim is made for this subsequent condition and its consequent personal injuries. The risk of this condition was not a part of or incidental .to claimant’s employment. It was a risk to which anyone receiving like treatment at the infirmary would have been subjected. The occurrence of this reaction was not made more likely by the fact of her employment. (Volk v. City of New York, 284 N. Y. 279; Riley v. Carlton, 265 App. Div. 1032, dissent.) Thus, the contraction of the shigella flexneri, or enteritis, and the excruciating reaction to medication are separable and distinguishable.
An employee is not foreclosed by the provisions of the Workmen’s Compensation Law from maintaining an action at common law to recover damages for the employer’s tori'* ¡ms acts committed during the course of the employment when such acts are outside the contemplation and coverage of the Workmen’s Compensation Law. (Wojcik v. Aluminum Co. of America, 18 Misc 2d 740.) The previous ruling of the court relative to jurisdiction is reaffirmed.
Claimant contends that the tortious acts were a series of events beginning with the first liquid medication, the care and treatment that followed the harrowing reaction, and the lapse of seven days before receiving the attention of consultant spe *956 eialists. Initially, the admitting physician at Willowbrook State School supposedly received from the claimant written recommendation from her private physician that she receive the drug Chloromycetin to dissipate her infection and information that claimant was allergic to sulfa. The admitting physician testified that he read this recommendation and information on Dr. Gladstone’s, claimant’s private physician, prescription blank but does not recall the time of so reading. The blank is dated November 12, 1958, and contains the information relating to sulfa allergy on the reverse side in space below an ink line. There was no admission that this prescription blank was a part of claimant’s medical record at the State school. Dr. Gladstone testified that claimant advised him that she was allergic to sulfa because she had been “ burned by ” sulfa in 1941 and in 1955 and that he had not received this information from any allergy specialist or medical source. No advice was given to the admitting physician that claimant, within the two weeks prior to admission, had been treated for an upper respiratory infection with a sulfonamide drug to which she had a reaction.
The medical record of claimant at Willowbrook State School shows that the liquid medication was a drug named “ tetrex ”. It also notes, subsequent to the administration of this drug, that claimant is allergic to sulfa. Testimony is in conflict whether tetrex alone was administered, tetrex with triple sulfate, or tetrex with sulfonamides. No drug expert was produced to testify with respect .to the chemical composition of tetrex, its qualitative or quantitative analysis, or the allergic responses to any of its chemical components. Claimant moved .that the consultant report dated November 20, 1958, in the medical record, which states “history of taking tetrex e sulfa — one dose 1 wk. ago”, be admitted in evidence under section 374-a of the Civil Practice Act, now CPLR 4518. Upon this motion, decision was reserved. Since the statement was not based upon any advice as to the chemical composition of the drug, it is considered gratuitous. The motion to admit the report into evidence is denied.
The pharmacist at the Willowbrook State School .testified that employees are not permitted to receive drugs upon the prescription of their private physicians, that physicians in the school must be precise in their instructions as to the drug to be administered to patients and that tetrex does not have the same chemical components as tetrex with triple sulfate.
There is ample proof .that the administration of tetrex is routine in the treatment of shigella flexneri and that the drug is reputedly the best for a quick recovery.
*957 Claimant has not produced expert medical testimony to support her contention that the treatment prescribed at Willow-brook State School from November 13, 1958 and the weeks thereafter was not in accordance with proper medical practice recognized by the medical profession for the treatment of her condition. It is questionable whether a physician is liable for a patient’s unexpected result to a drug tested, recommended and prescribed for relief of patient’s malady because not every patient has the same response or the same medical rapport.
It is required that a physician shall have that degree of skill and learning ordinarily possessed by physicians of good standing practicing in the same locality, and that he shall use the same care and diligence to apply .that learning to the treatment of a patient. No higher duty is placed upon a doctor employed by the State than is placed upon a private practitioner. (Howe v. State of New York, 33 Misc 2d 147; see Schwenk v. State of New York, 205 Misc. 407.)
A qualified physician is not liable for an error of judgment if he keeps within recognized and approved methods. (70 C. J. S., Physicians and Surgeons, p. 963.) A physician is not expected to anticipate results from peculiar characteristics or conditions of a patient of which he has no knowledge (70 C. J. S., Physicians and Surgeons, p. 955).
The burden of establishing that precautions were not taken, that treatment was not in accordance with proper medical practice, that the hospital doctors lacked skill or learning or failed to use their best judgment in the exercise of their skill and knowledge and that the infirmary personnel failed to use the proper standards of care is upon him who makes the assertion. The foregoing must be substantially proven to support a claim of actionable negligence. This the claimant has failed to do. Claimant has based her proof upon inference, implication and innuendo. Nor has claimant proven causal relationship between the administration of the drug, tetrex, and the claimed sequelae.
Claim must be and hereby is dismissed.
Motions made by the defendant at the close of claimant’s case, upon which decision was reserved, are denied. Motions made by the defendant at the close of the entire ease, upon which decision was reserved, are granted.
This memorandum, together with the findings of fact and conclusions of law submitted to and marked by the court constitutes the written decision of the court in conformance with CPLR 4213, subd. (b). Let judgment be entered accordingly.