Albert **ROLOFF**, Appellant,

v.

**ARABIAN AMERICAN OIL COMPANY**, Appellee.

No. 371, Docket 34037.

United States Court of Appeals Second Circuit.

Argued Dec. 17, 1969.

Decided Jan. 27, 1970.

Jacob Rassner, New York City, for appellant.

Jeffrey A. Barist, New York City (White & Case, John M. Johnston, New York City, on the brief), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellant (Roloff) appeals the dismissal of the second count of a three-count civil action in the United States District Court for the Southern District of New York, Edmund L. Palmieri, Judge. In the second count, Roloff charged that appellee, Arabian American Oil Company (the company), was liable to him for injuries due to allegedly improper medical and surgical treatment rendered by the company's medical staff in Saudi Arabia. Judge Palmieri concluded that Roloff had, in his employment contract with the company, agreed to accept the provisions of the New York Workmen's Compensation Law, McKinney's Consol. Laws, c. 67 (the Act) as his exclusive remedy, and after granting reargument, adhered to his prior decision dismissing the second count. The remainder of the complaint was ordered dismissed on Roloff's motion so that he could appeal the dismissal of the second count; we find error and reverse the dismissal.

Roloff was first employed by the company in 1949, at which time the employment contract specified that the California Workmen's Compensation provisions would be Roloff's exclusive remedy for injuries sustained while in the employ of the company; however, in 1950, the company moved its main office to New York and notified Roloff that the New York Act would be his exclusive remedy for injuries or illnesses sustained in his job and that New York law would govern his employment with the company. Roloff signed an agreement in those terms and it was still in effect at the time of the acts alleged in the complaint; at that time Roloff was employed by the company in Saudi Arabia. The basis of the second count of the suit was that following an injury suffered by Roloff while in the company's employ, the company's medical and surgical staff in Saudi Arabia negligently treated him.

Roloff initially contends that the company did not assert the defense of workmen's compensation as an affirmative defense in its answer and in

failing to do so waived that defense. However, although the company filed its answer in 1965 and did not file the motion for summary judgment until 1967, the company was not precluded forever from raising this defense. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party "* * * may amend his pleading only by leave of court * * * and leave shall be freely given when justice so requires. * * *" This mandate that leave to amend be freely given is to be heeded. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In opposition to the motion for summary judgment, Roloff contended that the workmen's compensation defense had been waived by not being pleaded, but the court granted the motion. By granting summary judgment Judge Palmieri in effect allowed an amendment to the company's pleading since that new defense was the basis of the motion for summary judgment. There was no abuse of discretion in allowing such an amendment to raise the defense that an issue was being litigated in an improper forum.

We find merit, however, in Roloff's contention that the district court erred in concluding that Roloff's remedy for damages from injuries resulting from malpractice by the company's medical staff was to be exclusively under the New York Workmen's Compensation Law. That is the only claim properly before us because the claim of fraud was not raised nor argued below. The amended contract between Roloff and the company provided that such law would be his "* * * exclusive remedy for any injuries or illnesses sustained in [his] job." This does not end the matter, however.

■ It is not enough to bar a negligence action that Roloff's employment made the occurrence of the injury from medical negligence more likely, because the occurrence was due to his employment in Saudi Arabia and the company's duty and need to maintain medical facilities and staff there for its employees who might be injured. In similar cases, New York courts have held that the Act was not the exclusive remedy for the plaintiff involved, but rather that a choice is available to such a plaintiff between workmen's compensation and a common law remedy. Volk v. City of New York, 284 N.Y. 279, 30 N.E.2d 596 (1940) [city hospital nurse receiving negligent treatment *in nurses' infirmary*]; Sivertsen v. State, 19 N.Y.2d 698, 278 N.Y.S.2d 886, 225 N.E.2d 572 (1967) [state mental hospital employee injured by faulty operation of a stretcher on the way to ambulance to go to the hospital's infirmary]; Robison v. State, 263 App.Div. 240, 32 N.Y.S.2d 388, 266 App.Div. 1054, 45 N.Y.S.2d 725, aff'd 292 N.Y. 631, 55 N.E.2d 506 (1944) [state school hospital apparently not open to general public]; Mickles v. State, 43 Misc.2d 953, 252 N.Y.S.2d 629 (1964) [*Id.*]; contra, Young v. International Paper Co., 282 App.Div. 750, 122 N.Y.S.2d 39 (3rd Dep't 1953). Although the court in Volk v. City of New York said that in that case the plaintiff was in the same position as any member of the public, the facts in that case and the discussion in the others cited show that there is no valid distinction from the present case concerning a company hospital necessitated, as in the other cases, by the need and duty to have medical facilities available nearby.

■ Neither is there a valid distinction based on the fact that the workmen's compensation defense in this case arises under a contract. The provision providing that the New York Workmen's Compensation Law was to be Roloff's exclusive remedy for injuries and illnesses sustained in his job would not make the company immune from suit if, lacking such contract provision, the company would be susceptible in New York courts to a common law action of malpractice. New York courts have long found agreements between an employer and an employee attempting to exonerate the employer from liability for future negligence whether of himself or his employees or limiting his liability on ac-

count of such negligence void as against public policy. See Western Union Telegraph Co. v. Cochran, 277 App.Div. 625, 102 N.Y.S.2d 65, 71, aff'd 302 N.Y. 545, 99 N.E.2d 882 (1951); cf. Johnston v. Fargo, 184 N.Y. 379, 77 N.E. 388, 7 L. R.A.,N.S., 537 (1906). To the extent the contract sought to bind Roloff to the exclusiveness of the Act to a greater extent than the Act by its own operation would restrict Roloff, it is not effective. As pointed out above, New York cases, which govern as to interpreting the exclusivity of the coverage of the Act, support a malpractice action in spite of the fact that the employer provides the hospital.

Reversed and remanded to the district court for reinstatement of the second count of the action. Since the first and third causes of action were dismissed to permit the prosecution of this appeal, they may also be reinstated.