Richardson v Island Harvest, Ltd. (2018 NY Slip Op 07768)





Richardson v Island Harvest, Ltd.


2018 NY Slip Op 07768


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01028
 (Index No. 9035/14)

[*1]Sean Richardson, appellant, 
v
Island Harvest, Ltd., respondent.


Gary S. Alweiss (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Ondine Slone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), dated December 16, 2015. The order granted the defendant's motion for leave to amend its answer and for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for leave to amend its answer and for summary judgment dismissing the complaint is denied.
On January 30, 2012, the plaintiff applied as a volunteer for the position of "Warehouse Assistant" at the defendant's facility. On July 26, 2012, the plaintiff executed a "Volunteer Agreement," which stated, inter alia, "I agree to hold [the defendant] harmless for any injury or bodily harm sustained during the course of my volunteer activities." On October 23, 2013, the plaintiff allegedly sustained personal injuries when he was struck by a forklift operated by one of the defendant's employees.
On or about September 17, 2014, the plaintiff commenced this action to recover damages for personal injuries. Issue was joined by verified answer dated December 19, 2014. In that answer, the defendant did not make mention of the "Volunteer Agreement." Thereafter, the defendant moved for leave to amend its answer to add the affirmative defense of release and, upon amendment, for summary judgment dismissing the complaint based on that defense. The Supreme Court granted the motion. The plaintiff appeals.
While leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580; Markowits v Friedman, 144 AD3d 993, 995), here, the proposed amendment was patently devoid of merit (see Marcum, LLP v Silva, 117 AD3d 917, 918). New York courts have long found agreements between an employer and an employee attempting to exonerate the employer from liability for future negligence whether of itself or its employees or limiting its liability on account of such negligence void as against public policy (see Gross v Sweet, 49 NY2d 102, 107; Johnston v Fargo, 184 NY 379; Ash v New York Univ. Dental [*2]Ctr., 164 AD2d 366, 369; Boll v Sharp & Dohme, Inc., 281 App Div 568, affd 307 NY 646; Western Union Tel. Co. v Cochran, 277 App Div 625, affd 302 NY 545; 2 NY Evidence Proof of Cases § 26:88 [Nov. 2017 update]; see also Roloff v Arabian Am. Oil Co., 421 F2d 240, 242-243 [2d Cir]).
As observed by the Court of Appeals more than a century ago, "[t]he state is interested in the conservation of the lives and of the healthful vigor of its citizens, and if employers could contract away their responsibility at common law, it would tend to encourage on their part laxity of conduct in, if not an indifference to, the maintenance of proper and reasonable safeguards to human life and limb" (Johnston v Fargo, 184 NY at 385). Contrary to the defendant's contentions, the public policy considerations applicable to paid employees also apply to a volunteer employee, such as the plaintiff herein. The purported release contained in the "Volunteer Agreement" is void as against public policy.
Accordingly, the defendant's motion for leave to amend its answer to add the affirmative defense of release and, upon amendment, for summary judgment dismissing the complaint should have been denied.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court